■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v IRMA ORTIZ, JOSE CORTIJO and JORGE CORTIJO, Respondents. [650 NYS2d 223] —Order, Supreme Court, New York County (Allen Alpert, J.), entered February 26, 1996, which granted the motion by defendants (charged with criminal possession of a controlled substance in the second and third degrees, criminal use of drug paraphernalia in the second degree and unlaw-

ful possession of marijuana) to suppress physical evidence seized from an apartment pursuant to warrant, unanimously reversed, on the law, the motion is denied, and the matter is remanded for further proceedings.

In preparing to assist in the execution of a search warrant at Apartment 3B in a building on Alexander Avenue in the Bronx, one of two police officers staked out in the hallway heard a commotion and the words "They're coming, get out of here" emanating from Apartment 3C across the hall. Three men then hurriedly exited the latter apartment and ran down the hallway toward the plainclothes police. When the officers identified themselves, one of the men dropped a heavy plastic shopping bag in which were visible several softball-sized bundles wrapped in paper. Two of the men were detained (the third ran back to Apartment 3C and was admitted after banging on the door), and the shopping bag was determined to contain numerous vials of crack cocaine. One of the men offered that there was a quantity of marijuana in the apartment (3C) from which they had just emerged.

Apartment 3B proved to be vacant. Based in part on an affidavit by one of the officers in the hallway, a warrant was obtained to search Apartment 3C. The search the next day yielded more than 1,000 vials of crack cocaine, drug paraphernalia, marijuana and $2,000 in cash, leading to the indictment of defendants herein.

The supporting affidavit for the warrant to search Apartment 3C stated in part that the officer had heard *one of the trio exiting the apartment* "verbalizing that the police were coming." Limiting its review to "the four corners of the search warrant affidavit," the suppression court found no probable cause because the pertinent portion of the officer's affidavit varied materially from his later testimony that some *unidentified* voice had yelled *from inside the apartment*: "They're coming, get out of here."

While the language of the officer's affidavit did vary from that of his later testimony, the variance was insignificant and its impact was not decisive, especially in light of the police observation of physical evidence in possession of those having just emerged from the apartment in question. Both versions pointed to the same consciousness of guilt—that something illegal was transpiring inside Apartment 3C.

A presumption of validity attaches to a warrant, which has already been tested by the issuing Judge, thus simplifying the suppression court's task to determining whether the issuing Judge could reasonably have concluded that probable cause

existed (*People v Castillo*, 80 NY2d 578, 585, *cert denied* 507 US 1033). The proper way to challenge that conclusion is for defendants to prove, at a hearing, that the issuance of the warrant was based solely on an intentionally or recklessly false statement made under oath (*Franks v Delaware*, 438 US 154). Short of holding such a hearing, a search warrant can only be controverted for lack of probable cause, i.e., insufficiency of information to support a reasonable belief that evidence of criminal activity would be found in the subject apartment upon execution of the warrant (*People v Bigelow*, 66 NY2d 417, 423; *People v Munoz*, 205 AD2d 452, *lv denied* 84 NY2d 870). Defendants failed to meet that threshold requirement in either event. Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.