Ivan JORDAN, Petitioner,

v.

F. BENNETT, Superintendent, Respondent,

and

Howard R. Relin, District Attorney of Monroe County, Intervenor.

No. 95–CV–6627L.

United States District Court, W.D. New York.

July 8, 1997.

Ivan Jordan, Ogdensburg Correctional Facility, Ogdensburg, NY, for Petitioner.

Loretta S. Courtney, Monroe County Dist. Atty., Rochester, NY, for Intervenor–Defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

Petitioner, Ivan Jordan ("Jordan"), who is currently in custody at Ogdensburg Correctional Facility, filed *a pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Jordan claims that his convictions for reckless endangerment and criminal possession of a weapon were obtained in violation of his constitutional rights. For the reasons that follow, Jordan's petition is dismissed.

## BACKGROUND

Jordan pleaded guilty to reckless endangerment in the first degree and criminal possession of a weapon in the fourth degree. These charges stemmed from a January 1, 1994 incident in which Jordan fired shots from a rifle at a house located in the City of Rochester. On March 2, 1995, Jordan received concurrent sentences of two to four years on the endangerment charge and one year on the weapon charge.

Jordan claims that he mailed a notice of appeal from the Monroe County Jail to the Appellate Division, Fourth Department in March 1995. The Fourth Department had no record of receiving Jordan's notice of appeal. Further, and more importantly, Jordan did not timely file a notice of appeal with the Monroe County Clerk's Office and then serve it on the District Attorney, as required

by Criminal Procedure Law ("CPL") § 460.10.

On April 28, 1995, Jordan filed a motion, pursuant to CPL § 460.30, for an extension of time in which to file an appeal. While this motion was pending, Jordan also filed a motion to vacate judgment, pursuant to CPL § 440.10, alleging: (1) illegal detention; (2) ineffective assistance of counsel; (3) lack of probable cause; (4) illegal search and seizure; and (5) false imprisonment. The Monroe County Court denied this motion on June 2, 1995, pursuant to CPL § 440.10(2)(b), on the ground that the issues raised were matters of record that may be raised on appeal if Jordan's motion for an extension of time was granted.

On June 9, 1995, the Appellate Division, Fourth Department, denied Jordan's motion for an extension of time in which to file an appeal.[1] Jordan applied to the New York Court of Appeals for a certificate to appeal, pursuant to CPL § 450.90. However, because the Fourth Department's order was not appealable, his application was dismissed on August 10, 1995.

On October 27, 1995, Jordan filed another motion to vacate, pursuant to CPL § 440.10, alleging that his conviction was obtained: (1) by the Monroe County Grand Jury based on perjured testimony; (2) by the prosecutor's knowing use of false and/or perjured testimony; (3) by improper and prejudicial conduct not appearing on the record, which was considered by the Monroe County Grand Jury and the Monroe County Court; and (4) by violating plaintiff's constitutional and statutory rights. The Monroe County Court denied the motion on November 20, 1995, pursuant to CPL § 440.10(2)(c), on the ground that Jordan failed to raise an issue that could not have been raised on timely appeal.

Jordan did not seek leave to appeal the denial of either of his § 440.10 motions nor did he move for an extension of time in which to take an appeal.

Jordan filed the instant habeas corpus petition on December 18, 1995, alleging: (1) unlawful arrest without probable cause; (2) impermissibly suggestive police line-up; (3) illegal search and seizure of his car without a search warrant; (4) impermissible police interrogation in violation of his Fifth and Sixth Amendment right to counsel; (5) denial of his right to cross-examine witnesses; (6) prosecutor's knowing use of false and/or perjured testimony; and (7) ineffective assistance of counsel.

## DISCUSSION

■ A federal court may not review an application for a writ of habeas corpus unless the petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(A). Essentially, the petitioner must have fairly presented the substance of all of his federal constitutional claims to the highest state court. *Levine v. Commissioner of Correctional Servs.*, 44 F.3d 121, 124 (2d Cir.1995). This requirement is premised upon principles of federalism and comity and affords state courts an initial opportunity to resolve alleged violations of their inmates' federal rights. *Nichols v. Kelly*, 923 F.Supp. 420, 423 (W.D.N.Y. 1996).

■ In addition to this exhaustion requirement, a federal court also may not review "a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553, 115 L.Ed.2d 640 (1991). For example, "[i]n all cases in which a state [inmate] has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas corpus review of the

---

1. Apparently, one of the conditions of Jordan's plea agreement with the State was that he would waive his right to appeal. At his sentencing on March 2, 1995, Jordan knowingly, voluntarily, and intelligently waived his right to appeal on the record before Monroe County Court Judge Patricia Marks. Sentencing Transcript at 11–12. It appears, however, that this fact was never brought to the Appellate Division's attention.

Had it been, it likely would have served as an additional ground upon which to deny Jordan's motion for leave to file a late appeal. What was brought to the Appellate Division's attention was that Jordan had signed a form notifying his attorney that he did not wish to appeal his conviction or sentence. In any event, the Fourth Department determined that Jordan was not entitled to an extension of time in which to file an appeal.

claims is barred unless the [inmate] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750, 111 S.Ct. at 2565. Such an approach acknowledges "the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them."

*Id.*

■ "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982). Finally, a fundamental miscarriage of justice is established by showing that a constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649; *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

■ In the instant case, Jordan clearly has not exhausted his state remedies. He did not file a direct appeal or appeal the denial of his CPL § 440.10 motions. Therefore, he has not presented the substance of his federal constitutional claims to any New York State court, let alone that state's highest court. Further, Jordan's failure to timely file a notice of appeal or receive an extension of time in which to do so gave rise to procedural default. Moreover, all the claims raised in Jordan's two CPL § 440.10 motions were rejected on state law procedural grounds, namely that they were barred by a rule precluding claims that could be raised on direct appeal, but were not.

Because Jordan has defaulted his federal claims in state court pursuant to independent and adequate state procedural rules, federal habeas corpus review is barred, unless Jor-

dan can demonstrate cause for the default and actual prejudice, or that this Court's failure to consider his claims will result in a fundamental miscarriage of justice.

■ I find that Jordan is unable to make such a showing. Jordan has failed to demonstrate—or even allege—any cause for his failure to timely file a notice of appeal with the Monroe County Clerk's Office and then serve it on the District Attorney as required under New York law. An inmate's *pro se* status is not sufficient to establish cause. *See Udzinski v. Kelly,* 734 F.Supp. 76, 83 (E.D.N.Y.1990). Because Jordan has not established cause for the default, I decline to consider if there was any prejudice resulting from the alleged violations of federal law. Further, Jordan has not demonstrated—or even alleged—that he is innocent of the crimes to which he pleaded guilty. Therefore, this Court's failure to consider his claims will not result in a fundamental miscarriage of justice. Accordingly, Jordan's claims are barred from habeas corpus review.

### CONCLUSION

For the foregoing reasons, Jordan's petition for a writ of habeas corpus is dismissed. Further, because Jordan has failed to make a substantial showing of a denial of a constitutional right, I deny a certificate of appealability. 28 U.S.C. § 2253.

IT IS SO ORDERED.