■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR CHRISTIAN, Appellant. [670 NYS2d 957] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [3]). Defendant contends that the application for a search warrant did not establish probable cause; that Supreme Court should not have denied his motion to suppress without conducting a probable cause hearing and a *Darden* inquiry; that the court erred in admitting the opinion testimony of the arresting officers; that the court erred in admitting evidence of a prior uncharged crime; that the verdict is against the weight of the evidence; that the sentence is harsh and excessive; that he was deprived of a fair trial by prosecutorial misconduct on summation; and that the court erred in refusing to strike certain testimony.

Defendant lacks standing to challenge the search of the apartment and seizure of the drugs and scale. The People's failure to raise the issue of standing in the suppression court does not relieve defendant of his burden to plead and prove that he had a legitimate expectation of privacy in the places searched or the items seized (*see, People v Johnson*, 154 AD2d 932, *lv denied* 75 NY2d 771, citing CPL 710.60 and *People v Wesley*, 73 NY2d 351, 358-359; *see generally, Rawlings v Kentucky*, 448 US 98, 104). Defendant's moving papers are devoid of any allegation that defendant had a legitimate expectation of privacy in the apartment, in which he was a recent and occasional visitor, or in the bookbag in which most of the drugs were found. Because defendant failed to establish standing (*see, People v Rodriguez*, 69 NY2d 159, 164-165; *People v Wesley*, 154 AD2d 880, 881, *lv denied* 75 NY2d 777), he may not challenge the warrant or the court's refusal to conduct a probable cause hearing or a *Darden* inquiry. In any event, defendant's challenges are without merit. The warrant application establishes probable cause by demonstrating the reliability and personal knowledge of the informant (*see, People v Johnson*, 66 NY2d 398, 402; *People v Landy*, 59 NY2d 369, 375; *People v Rodriguez*, 52 NY2d 483, 488-489). Further, a challenge to the facial sufficiency of a written warrant application presents an issue of law that does not require a hearing (*see, People v Glen*, 30 NY2d 252, 256, 262; *People v Solimine*, 18 NY2d 477, 480, *rearg denied* 21 NY2d 1041; *People v Dunn*, 155 AD2d 75, 80, *affd* 77 NY2d 19, *cert denied* 501 US 1219). Finally, where the search has been conducted pursuant to a presumptively valid warrant based on a sworn application, de-

fendant must demonstrate, as a predicate for invoking the *Darden* procedure, that the averments concerning the informant and his information were made falsely or with reckless disregard for the truth (*see, Franks v Delaware,* 438 US 154, 171-172; *People v Ferron,* 248 AD2d 962 [decided herewith]). Defendant's motion papers contain no sworn allegations of fact that the informant does not exist, that the communications attributed to the informant were fabricated, or that the warrant application was falsely sworn. Under the circumstances, the court properly rejected the request for a *Darden* inquiry.

The court did not err in admitting the opinion testimony of the arresting officers concerning usage and custom in the drug trade and police procedure in drug investigations (*see, People v Santiago,* 243 AD2d 328; *People v Greer,* 217 AD2d 1003, 1004). The court properly admitted evidence of an uncharged crime because the prior incident in which defendant dispensed drugs was relevant to show defendant's knowledge of the presence and weight of the drugs in the bookbag, and its probative weight on that issue outweighed any prejudice (*see, People v Tineo,* 232 AD2d 667, 668, *lv denied* 89 NY2d 1102; *People v Dennis,* 210 AD2d 803, 805, *lv denied* 85 NY2d 937; *People v Glover,* 165 AD2d 880, 881, *lv denied* 77 NY2d 906). Further, the evidence overwhelmingly establishes defendant's actual or constructive possession of the drugs, and thus the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

We have considered the remaining contentions of defendant, including his challenge to the severity of the sentence, and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Denman, P. J., Lawton, Wisner, Balio and Fallon, JJ.