■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS FERRON, Appellant. [670 NYS2d 955] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a controlled substance in the second degree (Penal Law § 220.18

[1]). We reject the contention of defendant that the search warrant for his apartment was issued on less than probable cause. The warrant application establishes probable cause to believe that defendant was storing cocaine in the apartment for sale from his retail store located downstairs. The reliability and personal knowledge of the informants were confirmed through controlled buys and independent police investigation (*see, People v Johnson*, 66 NY2d 398, 402).

We also reject the contention of defendant that he was entitled to a hearing on his allegation that the warrant was tainted by prior illegal police entries into the apartment building hallway (*see, People v Dunn*, 155 AD2d 75, 80-82, *affd* 77 NY2d 19, *cert denied* 501 US 1219). Defense counsel's affidavit in support of the motion to suppress was not sufficient to overcome the presumption that the warrant application was valid (*see, Franks v Delaware*, 438 US 154, 171-172; *People v Hanlon*, 36 NY2d 549, 558-559; *People v Ortiz*, 234 AD2d 74, 75-76). While there is proof that defendant had a privacy interest in the hallway (*see, People v Lott*, 102 AD2d 506, 510), there is no proof that any of the prior police entries into the hallway were illegal. Defense counsel's allegations on that issue were conclusory, and defendant failed otherwise to secure affidavits from persons with knowledge of the alleged incidents or to explain why he could not (*see, Franks v Delaware, supra*, at 171-172). In the absence of sworn allegations of fact, County Court did not abuse its discretion in summarily denying the suppression motion (*see*, CPL 710.60 [1], [3]; *People v Mendoza*, 82 NY2d 415, 426). In any event, the remaining information in the warrant application was sufficient to establish the requisite probable cause to search defendant's apartment (*see, People v Plevy*, 52 NY2d 58, 66).

Finally, the court did not abuse its discretion in failing to order a *Darden* hearing with respect to the confidential informants who supplied information critical to the warrant application. The presumption of validity that attaches to the search warrant application is not overcome by conclusory allegations that the police officer affiant lied about the existence of the informants (*see, Franks v Delaware, supra*, at 171-172; *People v Christian*, 248 AD2d 960 [decided herewith]). (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Denman, P. J., Lawton, Wisner, Balio and Fallon, JJ.