■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNSON EDWARDS, Appellant. [700 NYS2d 703] —Judgments, Supreme Court, Bronx County (Edward Davidowitz, J.),

rendered December 23, 1996, convicting defendant, after a jury trial, of murder in the second degree and attempted murder in the second degree, and, upon his plea of guilty, of attempted murder in the second degree and criminal possession of a weapon in the third degree, and sentencing him to consecutive terms of 25 years to life and 7 to 21 years, concurrent with concurrent terms of 2 to 6 years and 1 year, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues relating to identification and credibility were properly presented to the jury to resolve and the record supports its determinations.

The court properly exercised its discretion in denying defendant's motion for an in camera hearing to examine the confidential informants (*see, People v Darden*, 34 NY2d 177; *see also, People v Huggins*, 36 NY2d 827), since the evidence adduced at the hearing regarding the informants and their information satisfied the *Aguilar-Spinelli* test (*Aguilar v Texas*, 378 US 108; *Spinelli v United States*, 393 US 410) and provided probable cause for defendant's arrest, and defendant made no showing to warrant an in camera examination (*see, People v Ferron*, 248 AD2d 962, *lv denied* 92 NY2d 879; *People v Christian*, 248 AD2d 960, *lv denied* 91 NY2d 1006).

Defendant failed to establish that the evidence adduced at the reopened suppression hearing raised an issue concerning the suggestiveness of the lineup sufficient to warrant permitting him to call additional witnesses at the hearing (*see, People v Chipp*, 75 NY2d 327, *cert denied* 498 US 833; *People v Phillips*, 234 AD2d 57, *lv denied* 89 NY2d 1098).

Since defendant failed to raise his ineffective assistance of counsel claim in a motion to vacate the judgment of conviction pursuant to CPL 440.10, his claim is not reviewable on direct appeal because it is based on facts dehors the record and counsel cannot explain his trial tactics (*People v Brown*, 45 NY2d 852). Based on the existing record, we conclude that counsel provided meaningful representation (*People v Baldi*, 54 NY2d 137).

Defendant's remaining claims, including those contained in his *pro se* supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, J. P., Williams, Rubin, Buckley and Friedman, JJ.