OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 In
 
 People v Darden
 
 (34 NY2d 177, 181), the Court held that when information obtained from a confidential informant is necessary to establish probable cause, it would be “fair and wise” for the People to “be required to make the informer available for interrogation before the Judge” in an ex parte hearing. The question before us today is whether
 
 Darden
 
 established a requirement, or merely a procedure to be allowed in the discretion of the trial court. We reiterate that a
 
 Darden
 
 hearing is a requirement rather than a matter of discretion.
 

 This case arises out of the December 1, 1993 shootings of Milton Clarke (an auxiliary police officer) and Chester Martin. Clarke died as a result of the shooting; Martin survived but lost a leg. On March 18, 1994, a confidential informant — a witness in an unrelated homicide — saw a reward poster in a New York City Police Department station house concerning the shootings. The informant told Detective Neenan that a person he knew as “Tony” had confessed to him that he had committed the crimes. The informant gave a description of “Tony” and told Detective Neenan other details about the shootings. In addition, the informant stated that “Tony” had admitted shooting John Thomas in an unrelated incident on July 4, 1993.
 

 
 *490
 
 One week later, Thomas informed the police that the person who shot him on July 4, 1993 was named Johnson Edwards. The police also received an anonymous phone call in which the caller gave a description of Edwards. On April 28, 1994, Detective Burke received a call from another unnamed informant stating Edwards’ whereabouts. Based on that tip, the police apprehended defendant. After defendant had been taken into custody, the police showed Thomas a photograph of defendant, and Thomas confirmed that defendant was the person who had shot him on July 4, 1993. Subsequently, Chester Martin and two other witnesses to the December 1, 1993 shooting identified defendant in a lineup as the shooter.
 

 Under Bronx County Indictment Number 3299/94, defendant was charged with second-degree murder, attempted murder, assault and several weapons offenses for the shootings of Clarke and Martin. A hearing was held on defendant’s motion to suppress the lineup identifications, at which Detective Neenan testified about the investigation and arrest of defendant, as well as the lineup. On cross-examination, defense counsel asked the detective for the name of the March 18, 1994 informant. The prosecutor objected. Defense counsel then asked, in the alternative, that the court examine the informant in camera to determine “whether this individual exists and what information he had.” The court denied defense counsel’s requests, stating that it did not need to examine the informant, or know his name, in order to make its probable cause determination.
 

 Following the hearing, the court issued a written decision denying defendant’s motion to suppress, holding that the arrest was supported by probable cause. The court noted that the police had the right to rely on the information supplied by the confidential informant, because the informant provided a sufficient basis for his knowledge, had given reliable information in the past and furnished details consistent with information already known to the police. The court found additionally that the lineup was not suggestive. A jury convicted defendant of second-degree murder and attempted murder.
 
 [1]
 

 The Appellate Division affirmed, holding that the trial
 
 *491
 
 court “properly exercised its discretion” in denying defendant’s motion for an in camera examination of the confidential informant (268 AD2d 288, 289). The court stated that an in camera hearing was not necessary because the evidence adduced at the suppression hearing “satisfied the
 
 Aguilar-Spinelli
 
 test,” and defendant “made no showing to warrant an in camera examination”
 
 (id.).
 
 On appeal to this Court, defendant argues that the trial court erred by denying his request for an in camera examination of the confidential informant. We agree.
 
 [2]
 

 The Informer’s Privilege at Suppression Hearings
 

 The use of confidential informants to establish probable cause presents a difficult issue for the courts. As a general rule, hearsay is admissible at a suppression hearing
 
 (see,
 
 CPL 710.60 [4]). A police witness at a suppression hearing may establish probable cause by personal knowledge, as well as by information supplied by fellow officers or private citizens
 
 (see, People v Washington,
 
 87 NY2d 945, 947;
 
 People v Parris,
 
 83 NY2d 342, 346). The People are not required “to produce any particular witness, provided they sustain their burden of coming forward with evidence showing that there was probable cause for the arrest”
 
 (People v Parris, supra,
 
 at 346;
 
 see also, People v Chipp,
 
 75 NY2d 327, 337-339 [defendant does not have an absolute right to call the complaining witness to testify at a
 
 Wade
 
 hearing],
 
 cert denied
 
 498 US 833). The People may even rely on hearsay evidence provided by an anonymous tipster, “so long as the requirements of the
 
 Aguilar-Spinelli
 
 test are met”
 
 (People v Parris, supra).
 

 As a counterbalancing principle, the defendant has a right to cross-examine the People’s witnesses at the suppression hearing
 
 (see, People v Williamson,
 
 79 NY2d 799, 800-801 [trial court committed reversible error by curtailing cross-examination of witness at suppression hearing]). Thus, in the ordinary case where a police officer has obtained evidence from a third person providing probable cause, the defendant has the opportunity to question the officer about the third person’s identity, relationship to the crime, basis of knowledge, past relationship to the police and criminal history. The defendant is thus able to raise any appropriate question about the officer’s testimony to the suppression court.
 

 
 *492
 
 In the case of a confidential informant, however, the defendant’s ability to test the officer’s claim of probable cause is circumscribed. Since it is often important to maintain the secrecy of the informant’s identity, especially at the early stages of a criminal proceeding, trial courts have the discretion to prohibit a defendant from eliciting the informant’s name or any other information that could reveal the informant’s identity
 
 (see, People v Castro,
 
 29 NY2d 324, 326 [finding it “unnecessary” to disclose informant’s name at suppression hearing where other evidence established informant’s reliability];
 
 People v Coffey,
 
 12 NY2d 443, 450-453 [upholding trial court’s decision not to disclose informant’s name where informant’s existence and statements were verified by sworn testimony from Assistant District Attorney],
 
 cert denied
 
 376 US 916;
 
 McCray v Illinois,
 
 386 US 300, 311-314 [due process does not require disclosure of an informant’s identity at a suppression hearing]). Thus, the defendant would be “thwarted” in efforts to test the officer’s credibility
 
 (see, 2
 
 Wayne R. LaFave, Search and Seizure § 3.3 [g], at 188 [3d ed]).
 

 Responding to these concerns, in 1974 this Court established a procedure to verify the testifying officer’s credibility while keeping the informant’s identity secret. The Court held that, where “there is insufficient evidence to establish probable cause apart from the testimony of the arresting officer as to communications received from an informer,” it would be “fair and wise” for the People to “be required to make the informer available for interrogation before the Judge”
 
 (People v Darden, supra,
 
 34 NY2d, at 181). In order to protect the informer’s confidentiality, the prosecutor may be present at the hearing, but defendant and defense counsel may not. Defense counsel, however, may submit, in writing, suggested questions for the Judge to ask the informant, and the transcript of the in camera hearing must be placed under seal and made available to appellate courts should the case be appealed. Further, a “summary report” of the hearing should be made available to defense counsel and the People, regarding “the existence of the informer” and the “communications made by the informer to the police”
 
 (id.).
 
 By contrast, at trial, “where the defendant’s guilt or innocence is at issue, disclosure of the informant’s identity should not be resolved in an ex parte proceeding”
 
 (People v Liberatore,
 
 79 NY2d 208, 215).
 

 The Trial Court’s Obligation under
 
 Darden
 

 In the present case, the trial court prohibited defendant from cross-examining Detective Neenan about the confidential
 
 *493
 
 informant’s identity. The court, however, declined to follow the
 
 Darden
 
 procedure, holding that it could rely on the information provided by the informant without examining him in camera. That ruling was error.
 

 At the outset, we reject the People’s contention that probable cause could be established without the informant’s statements, which would render a
 
 Darden
 
 hearing unnecessary. The People argue before us that John Thomas’ identification of defendant as the person who shot him provided an independent basis for his arrest. The People, however, did not raise that theory before the trial court; they argued only that Thomas’ identification of defendant from a single photograph was “confirmatory” of the information provided by the confidential informant and other unnamed sources. The People’s current argument is therefore unpreserved. In any event, Thomas did not identify defendant until
 
 after
 
 he was arrested; indeed, the identification was made from defendant’s arrest photograph.
 

 We likewise reject the People’s argument that the trial court’s refusal to follow the
 
 Darden
 
 procedure was a proper exercise of discretion. Where, as here, the informant’s testimony is necessary to establish probable cause, the court must grant the defendant’s request for a
 
 Darden
 
 hearing. To be sure, there are exceptions to the
 
 Darden
 
 rule. Informants need not be produced, for example, if they cannot be located despite the People’s diligent efforts
 
 (see, People v Fulton,
 
 58 NY2d 914, 916), or if they refuse to appear because they fear personal injury
 
 (see, People v Carpenito,
 
 80 NY2d 65, 68). In such cases, the People may instead “establish the existence of confidential informants through extrinsic evidence” after demonstrating that “the informant is legitimately unavailable”
 
 (id.).
 
 Moreover, informants who previously testified before the Magistrate who issued a warrant need not be produced for a
 
 Darden
 
 hearing, since their existence and statements have already been verified
 
 (see, People v Serrano,
 
 93 NY2d 73, 76-77).
 

 The existence of these exceptions reinforces our holding that
 
 Darden
 
 did in fact establish a rule. If, as the People contend,
 
 Darden
 
 had established only a discretionary procedure, there would have been no need for exceptions. Further, our precedents speak of
 
 Darden
 
 hearings as required rather than discretionary. In
 
 People v Serrano
 
 (93 NY2d,
 
 supra,
 
 at 77), for example, this Court stated that a
 
 Darden
 
 hearing “is
 
 required
 
 ‘where there is insufficient evidence to establish probable cause apart from the testimony of the arresting officer as to com
 
 *494
 
 munications received from an informer’ ” (quoting
 
 People v Darden, supra,
 
 34 NY2d, at 181 [emphasis added]). The Court explained that an in camera hearing is necessary to allay any concern that the informant is “wholly imaginary” and his statements to the police “fabricated”
 
 (People v Serrano, supra,
 
 at 77).
 
 [3]
 

 Similarly, in
 
 People v Adrion
 
 (82 NY2d 628, 634), we held that a trial court’s order to produce an informant for an in camera examination is mandatory, and the prosecutor must comply on pain of suppression. The Court described the
 
 Darden
 
 hearing as a requirement, stating that once the defendant has challenged the informant’s existence or identity, “the People are required to produce the police informant for an in camera inquiry unless they can demonstrate that the informant is unavailable and cannot be produced through the exercise of due diligence”
 
 (id.).
 

 Further, as we stated in
 
 Serrano
 
 and
 
 Adrion,
 
 a
 
 Darden
 
 rule is necessary in order to fulfill the underlying purpose of Darden: insuring that the confidential informant both exists and gave the police information sufficient to establish probable cause, while protecting the informant’s identity. The surest way to accomplish this task is to produce the informant for an in camera examination. In addition, this rule gives clear guidance to lower courts and guarantees that “the protections of the Fourth Amendment have not been circumvented” (2 LaFave, Search and Seizure,
 
 supra,
 
 § 3.3 [g], at 203).
 
 [4]
 

 People v Huggins
 
 (36 NY2d 827, 828), on which the People rely, is not to the contrary. In
 
 Huggins,
 
 the Court held that the trial court’s failure to order in camera examination of a
 
 *495
 
 confidential informant was not an abuse of discretion, noting that
 
 Darden
 
 provides “guidelines to assist the courts in exercising their discretionary powers * * * to hold in camera inquiries”
 
 (id.).
 
 Significantly, the suppression hearing in
 
 Huggins
 
 took place before
 
 Darden
 
 was decided. Cognizant of that fact, the
 
 Huggins
 
 Court could not say that the trial court — which did not have the benefit of
 
 Darden
 
 — abused its discretion as a matter of law, and did not address whether
 
 Darden
 
 established a mandatory procedure for subsequent cases. Thus,
 
 Huggins
 
 is inapplicable here. Furthermore, any language in
 
 Huggins
 
 suggesting a discretionary standard is contradicted by our strong endorsement in
 
 Adrion
 
 of a mandatory procedure and by our subsequent statement in
 
 Serrano
 
 that
 
 Darden
 
 creates a requirement.
 

 Nor is a
 
 Darden
 
 hearing unnecessary if the police officer’s testimony satisfies the
 
 Aguilar-Spinelli
 
 test. That test provides that a tip from a hearsay informant (which may include an anonymous informant) may not be used unless the source of his knowledge is revealed and the informant is of known reliability
 
 (see, People v DiFalco,
 
 80 NY2d 693, 696-697;
 
 People v Elwell,
 
 50 NY2d 231, 236;
 
 see generally, Spinelli v United States,
 
 393 US 410;
 
 Aguilar v Texas,
 
 378 US 108).
 
 [5]
 
 The People contend that since this test applies even to an anonymous informant, it should apply to a confidential informant as well, and where the officer’s testimony establishes both the informant’s reliability and basis of knowledge, the information may be used to establish probable cause without a
 
 Darden
 
 hearing. In
 
 Adrion,
 
 however, this Court rejected that very argument, holding that the concerns are different when a confidential informant is involved, since the reason for the
 
 Darden
 
 rule is to verify the informant’s
 
 existence
 
 — not merely to establish the reliability of a tip
 
 (see, People v Adrion, supra,
 
 at 634-636). Further, while the defendant has free reign to cross-examine the officer about any relevant subject where an anonymous tip is used, the defendant cannot cross-examine the officer about any matter that may reveal the identity of a confidential informant. Therefore, in the case of a confidential informant, an in camera inquiry is necessary to properly test the officer’s credibility. Moreover, unlike anonymous tipsters, it is possible
 
 *496
 
 to bring confidential informants before the Judge to verify their existence and statements.
 

 Finally, contrary to the Appellate Division, defendant was not required to make any threshold showing in order to be entitled to a
 
 Darden
 
 hearing
 
 (see, Matter of Pierre H.,
 
 260 AD2d 320, 320-321;
 
 People v Ferron,
 
 248 AD2d 962, 963,
 
 lv denied
 
 92 NY2d 879). Obviously, it would be difficult, if not impossible, for a defendant to present evidence that a confidential informant did not exist or was unreliable. It was error for the Appellate Division to place a burden on defendant that he could not reasonably have been expected to meet
 
 (see,
 
 2 LaFave, Search and Seizure,
 
 supra,
 
 § 4.4 [d], at 505 [discussing a defendant’s duty to make a “threshold showing” to challenge a warrant: where the defendant cannot discover the identity of the informer, “the defendant should not be deemed to have failed in his ‘threshold showing’ merely because he has no information as to whether the informant lied to the officer-affiant * * * or the officer-affiant lied to the magistrate”]).
 

 Defendant, therefore, is entitled to remittal to Supreme Court for a
 
 Darden
 
 hearing, at which the court shall conduct an in camera examination of the confidential informant. Alternatively, if the People demonstrate that one of the exceptions to the
 
 Darden
 
 rule applies, they may establish the informant’s existence and reliability through other evidence.
 

 Defendant’s remaining contention is without merit.
 

 Accordingly, the order of the Appellate Division, insofar as appealed from, should be modified by remitting to Supreme Court for further proceedings in accordance with this Opinion and, as so modified, affirmed. If, on remittal, Supreme Court determines that probable cause to arrest was lacking, then the judgment of conviction under Indictment Number 3299/94 should be vacated and the motion to suppress granted. If Supreme Court determines that probable cause to arrest existed, then the judgment should be amended to reflect that result.
 

 Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order, insofar as appealed from, modified, etc.
 

 [1]
 

 . Defendant subsequently pleaded guilty under a separate indictment (Bronx County Indictment Number 3396/94) to attempted murder and a weapons charge for the shooting of Thomas. The two indictments were consolidated for sentencing and appeal. Defendant, however, does not raise any issues relating to Indictment Number 3396/94 in this appeal, nor does he seek to set aside that conviction.
 

 [2]
 

 . Contrary to the People’s contention, the issue of probable cause to arrest is preserved for our review because, in its written decision denying defendant’s motion to suppress, the trial court “expressly decided” the question in response to a “protest by a party” (CPL 470.05 [2]).
 

 [3]
 

 .
 
 Serrano,
 
 in fact, fell within one of the exceptions to the
 
 Darden
 
 rule: no hearing was necessary because the informant had previously appeared before the Magistrate during the search warrant application.
 

 [4]
 

 . Elsewhere, some courts have endorsed a mandatory
 
 Darden
 
 procedure (see,
 
 e.g., United States v Freund,
 
 525 F2d 873, 877-878 [5th Cir] [remanding for in camera examination of informant where informant supplied information necessary to establishing probable cause],
 
 after remand
 
 532 F2d 501,
 
 cert denied
 
 426 US 923). Other courts require disclosure of the informant’s identity at an ex parte hearing but do not specifically mandate that the informant be produced
 
 (see, e.g., United States v Reeves,
 
 210 F3d 1041, 1044 [9th Cir],
 
 cert denied
 
 — US —, 121 S Ct 499 [Nov. 13, 2000];
 
 United States v Abramson,
 
 553 F2d 1164, 1168 [8th Cir],
 
 cert denied
 
 433 US 911). Still other courts hold that an in camera hearing is not required if there is sufficient evidence of the informant’s reliability
 
 (see, e.g., United States v Santarpio,
 
 560 F2d 448, 453 [1st Cir],
 
 cert denied sub nom. Schepici v United States,
 
 434 US 984;
 
 United States v Carneglia,
 
 468 F2d 1084, 1088-1089 [2d Cir],
 
 cert denied sub nom. Inzerillo v United States,
 
 410 US 945).
 

 [5]
 

 . Although the Federal courts no longer utilize the
 
 Aguilar-Spinelli
 
 standard
 
 (see, Illinois v Gates,
 
 462 US 213, 230-231), New York continues to follow it as a matter of State constitutional law
 
 (see, People v DiFalco, supra,
 
 80 NY2d, at 697, n 1).