THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL R. ESCALERA, Appellant. [752 NYS2d 469] —Appeal from a judgment of Erie County Court (Drury, J.), entered May 31, 2000, convicting defendant after a jury trial of, inter alia, assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of one count of assault in the first degree (Penal Law § 120.10 [4]) and two counts of robbery in the first degree (§ 160.15 [1], [2]). Defendant contends that County Court erred in denying his motion to suppress a statement that he made to the police on the ground that the police, who arrested defendant based on information from a confidential informant, did not have probable cause to make that arrest. Specifically, defendant contends that the court failed to comply with the requirements of *People v Darden* (34 NY2d 177, *rearg denied* 34 NY2d 995) in determining the reliability of the information received from the confidential informant. We disagree. The court properly conducted a *Darden* hearing at which it asked the confidential informant certain of the questions suggested by defendant. We reject the contention of defendant that the court erred in failing to ask the confidential informant every question that he suggested; there is no requirement that a court ask a confidential informant every such question (*see generally People v Edwards*, 95 NY2d 486, 492). We further conclude that the hearsay information provided to the police by the confidential informant "carried sufficient indicia of reliability to permit the officer to reasonably credit it" (*People v Campbell*, 215 AD2d 120, 121; *see also Edwards*, 95 NY2d at 491). The court therefore properly determined that the police had probable cause to arrest defendant and properly denied the motion of defendant to suppress his subsequent statement to the police.

The evidence is legally sufficient to establish that defendant intended to rob someone and thus to support the conviction of robbery in the first degree (*see generally People v Bleakley*, 69 NY2d 490, 495). One of the codefendants testified that defendant and his codefendants had agreed on the date of the incident to drive around and rob someone and that defendant had brought with him the gun that the other codefendant used to shoot one of the victims. Further, defendant admitted in his statement to the police that he and his codefendants were driving around on the date of the incident in search of someone to rob and that they decided that the victims would be a good target. Finally, we reject the further contentions of defendant that he was deprived of a fair trial by prosecutorial misconduct (*see generally People v Mott*, 94 AD2d 415, 418-419) and that the sentence is unduly harsh and severe. Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.