Nicholas **FERRON**, Petitioner,

v.

Glenn **GOORD**, Commissioner of DOCS, James Berbary, Superintendent of Collins Correctional Facility, Respondents.

No. 99–CV–6421L.

United States District Court, W.D. New York.

March 27, 2003.

Nicholas Ferron, Collins, NY, Pro se.

Loretta S. Courtney, Monroe Courtney, Monroe County District Attorney's Office, Rochester, NY, for Respondents.

## DECISION AND ORDER

LARIMER, District Judge.

### INTRODUCTION

Petitioner Nicholas Ferron ("Ferron") filed this petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Monroe County Court on one count of Criminal Possession of a Controlled Substance in the Second Degree. The Appellate Division, Fourth Department unanimously affirmed his conviction, *People v. Ferron*, 248 A.D.2d 962, 670 N.Y.S.2d 955 (4th Dept.1998), and the Court of Appeals denied leave to appeal, *People v. Ferron*, 92 N.Y.2d 879, 678 N.Y.S.2d 26, 700 N.E.2d 564 (1998). Ferron contests his conviction on two grounds: (1) his arrest was based on a defective search warrant, and (2) his trial counsel was ineffective. For the reasons set forth below, Ferron's § 2254 petition is dismissed.

### BACKGROUND

Ferron was arrested on January 24, 1995 by members of the Rochester Police Department during execution of two search warrants at a building which housed Ferron's place of business and four apartments. Ferron was the landlord for the entire building. One warrant was for Ferron's store, located on the first floor, and the other warrant was for Apartment 3, an essentially vacant second-floor apartment which the police suspected Ferron was using to store narcotics. The search of Ferron's store was unproductive, but the search of Apartment 3 revealed the presence of cocaine, marijuana, and drug paraphernalia.

On March 10, 1995, Ferron was indicted in Monroe County Court on two counts of criminal possession of a controlled substance, one count of criminal possession of

marijuana, and two counts of criminally using drug paraphernalia.

Ferron, through retained counsel, moved to suppress items seized pursuant to the search warrant for Apartment 3 on the ground that the application for the warrant did not establish probable cause to believe that the apartment contained narcotics. In particular, Ferron argued that the police officer's supporting affidavit failed to demonstrate the reliability and bases of knowledge of the two confidential informants who supplied information necessary for the warrant's issuance, and he requested a *Darden*[1] hearing in this regard. Ferron also contended that he was entitled to a hearing on the allegation that various statements supporting probable cause in the warrant were the product of two illegal warrantless entries by the police on prior occasions.

On May 26, 1995, Monroe County Court (Marks, J.) heard oral argument on Ferron's motion to suppress. In a written decision dated June 13, 1995, Judge Marks denied the motion in its entirety.

Following a jury trial which ended in mistrial due to a hung jury, Ferron pleaded guilty on September 22, 1995 to one count of Criminal Possession of a Controlled Substance in the Second Degree (New York Penal Law § 220.18(1)) and was sentenced to term of incarceration of seven years to life.

## DISCUSSION

To prevail under 28 U.S.C. § 2254, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable deter-

mination of facts in light of the evidence presented in State court. 28 U.C.C. § 2254(d)(1) and (2); *Williams v. Taylor,* 529 U.S. 362, 375–376, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Ferron raises three claims in his petition, two of which relate to alleged defects in the search warrant which led to his arrest. Ferron contends that his Fourth Amendment rights were violated because (1) the search warrant for Apartment 3 was not supported by probable cause and (2) the search warrant was tainted by prior illegal police entries. As his third claim, Ferron asserts that he was denied the effective assistance of counsel because his trial attorney allegedly failed to assert all of Ferron's factual allegations in support of the suppression motion. Respondent maintains that federal review of Ferron's Fourth Amendment claims is precluded under *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), and argues that his ineffective assistance of counsel claim is procedurally barred, and in any event, without merit.

### *Fourth Amendment Claims*

 Ferron's claims relating to the allegedly defective search warrant are barred because Fourth Amendment challenges can be raised on habeas review only in limited circumstances, which do not exist here. "Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell,* 428 U.S. at 494, 96 S.Ct. 3037 (footnotes omitted). The Second Circuit has noted that *Stone* requires only that "the state have provided the *opportunity* to the state prisoner for full and fair litigation of the

---

**1.** *People v. Darden,* 34 N.Y.2d 177, 356 N.Y.S.2d 582, 313 N.E.2d 49 (1974).

Fourth Amendment claim." *Gates v. Henderson*, 568 F.2d 830, 839 (2d Cir. 1977)(en banc)(emphasis added), *cert. denied.* 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978). A federal court may undertake habeas review only in one of two instances: (1) "[i]f the state provides no corrective procedures at all to redress Fourth Amendment violations," or (2) if "the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process...." *Id.* at 840; *accord Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir.1992).

■ A petitioner receives a "full and fair opportunity" to litigate his Fourth Amendment claim where the state provides a "'statutory mechanism' for suppression of evidence tainted by an unlawful search and seizure." *McPhail v. Warden, Attica Correctional Facility*, 707 F.2d 67, 69 (2d Cir.1983) (quoting *Gates*, 568 F.2d at 837). Here, New York clearly affords defendants the requisite corrective procedures. *See* New York Crim. Proc. Law § 710.10 *et seq.; see also Capellan*, 975 F.2d at 70 ("federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y.Crim. Proc. Law § 710.10 *et seq.* (McKinney 1984 & Supp.1988) as being facially adequate").

■ Ferron is barred from now raising his Fourth Amendment claims because he was provided with, and indeed took full advantage of, the opportunity to fully adjudicate these matters in state court. Ferron's defense counsel filed an extensive motion in trial court in which he vigorously contested the search warrant's validity. In support of the motion, counsel submitted photographs purporting to disprove one informant's observations about Ferron's comings and goings from the store to Apartment 3 in connection with various controlled drug buys, as well as an affida-

vit from Ferron attempting to discredit one informant's statement that he had observed Ferron selling drugs out of his store. Defense counsel also argued in the motion that the police had fabricated reports of domestic disturbances and trespassed unlawfully on the premises in order to gather information.

County Court Judge Marks denied the motion to suppress. In a written opinion setting forth her findings of fact and conclusions of law, Judge Marks found that the two confidential informants were reliable and had appropriate bases of knowledge. Considering the information they provided *in toto*, the court determined that the application contained "more than probable cause" for the issuance of the warrant. The court further found that the evidence submitted by defendant did not warrant a different result in so far as it did not contradict the application's contents. County Ct. 6/13/95 Order, Respondent's App. D at 78–79. Ferron then had an opportunity to appeal to the Appellate Division, which likewise considered and rejected his Fourth Amendment claims on the merits. In particular, the Appellate Division held that even without the allegedly false statements by the police, the "remaining information in the warrant application was sufficient to establish the requisite probable cause to search defendant's apartment." *People v. Ferron*, 248 A.D.2d 962, 962, 670 N.Y.S.2d 955 (4th Dept.1998). Finally, the Court of Appeals denied leave to appeal, concluding that there was no question of law presented that merited review. *People v. Ferron*, 92 N.Y.2d 879, 678 N.Y.S.2d 26, 700 N.E.2d 564 (1998).

Ferron's various applications before the trial and appellate state courts challenging the search warrant clearly show that he was given an opportunity for a "full and fair" litigation of his Fourth Amendment

claims. In order for Ferron's Fourth Amendment claims to be cognizable on habeas review, therefore, they must be based on a contention that there was an "unconscionable breakdown" in the underlying state court procedural mechanism. *See Capellan*, 975 F.2d at 70.

■ The crux of Ferron's attempt to demonstrate an "unconscionable breakdown" in the state's corrective process is a New York Court of Appeals case, *People v. Edwards*, 95 N.Y.2d 486, 719 N.Y.S.2d 202, 741 N.E.2d 876 (2000), decided subsequently to the conclusion of his direct appeal. *See* Pet'r. 5/4/01 Aff., Dkt. No. 12. According to Ferron, *Edwards* confirms that a *Darden* hearing is mandatory under the circumstances of his case and the Appellate Division wrongly decided the *Darden* issue on appeal. Reduced to its essence, Ferron's argument appears to be that he was precluded from utilizing the procedures for redressing Fourth Amendment claims by reason of the Appellate Division's denial of the *Darden* hearing, and that constituted an "unconscionable breakdown" in the corrective process. Ferron further asserts that the denial of the requested hearing was a "denial of [his] rights to be free from unreasonable search and seizure, due process and his (sic) right to confrontation." *Id.* at 3.

This is not the sort of "breakdown" referred to in *Gates v. Henderson*. Rather, an "unconscionable breakdown in the state's process must be one that calls into serious question whether a conviction is obtained pursuant to those fundamental notions of due process that are at the heart of a civilized society." *Cappiello v. Hoke*, 698 F.Supp. 1042, 1050 (E.D.N.Y. 1988), *aff'd*, 852 F.2d 59 (2d Cir.1988)(*per curiam*); *accord, Capellan*, 975 F.2d at 70 (observing that some sort of "disruption or obstruction of a state proceeding" of an egregious nature, e.g., the bribing of a trial judge, typifies an unconscionable breakdown).

In essence, what Ferron complains of is that the Appellate Division, having considered the merits of his Fourth Amendment claim, purportedly ruled incorrectly. The Second Circuit has explicitly held that a "mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." *Capellan*, 975 F.2d at 72. Even if Ferron were correct in his allegation that the Appellate Division erroneously decided the *Darden* hearing issue, he "cannot gain federal review of a Fourth Amendment claim simply because the federal court may have reached a different result." *Id.* (*citing Gates*, 568 F.2d at 840); *see also, Abreau v. Mantello*, 2001 WL 811926, at * 3 (E.D.N.Y. Jun. 5, 2001)(trial court's decision not to require the appearance of a confidential informant is not an "unconscionable breakdown" for purposes of securing habeas review of a Fourth Amendment claim).

■ Moreover, Ferron cannot avoid the outcome required by *Stone* by phrasing his Fourth Amendment claim in terms of a due process violation.

"A petitioner may not cloak his ... Fourth Amendment claim in due process clothing to circumvent *Stone v. Powell* [,428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) ].... Due process is a flexible concept, but it cannot be stretched to protect a defendant from every asserted error in a state court's reasoning...Accepting [the petitioner's] argument would allow habeas petitioners to transmogrify every unsuccessful Fourth Amendment claim into a due process violation."

*Connolly v. Artuz*, 1995 WL 561343, at * 7 (E.D.N.Y. Sept. 15, 1995)(*quoting Gilmore v. Marks*, 799 F.2d 51, 57 (3d Cir.1986), *cert. denied*, 479 U.S. 1041, 107 S.Ct. 903,

93 L.Ed.2d 853 (1987)); *see also Williams v. LeFevre,* 1988 WL 88424, at *3 (E.D.N.Y. Aug. 18, 1988). Ferron's attempt to seek an end-run around *Stone*'s clearly established barrier to habeas review by "transmogrifying" his barred Fourth Amendment claim into a due process claim must fail.

### Ineffective Assistance of Trial Counsel

Ferron asserts in his habeas petition that he was "deprived of his substantial constitutional right to the effective assistance of trial counsel" in connection with his motion to suppress based on counsel's alleged failure to submit photographs showing that "it was physical [sic] impossible for the alleged informant to see what the affidavit claimed he saw" and to obtain statements from witnesses which allegedly would have shown that the warrant contained false statements by the police.

Ferron presented his ineffective assistance of trial counsel claim to the trial court in his March 3, 1999 CPL § 440.10 motion to vacate the judgment, raising the same grounds as he asserts in the instant petition.

Judge Marks denied his motion pursuant to CPL § 440.10(2)(c) because with a different attorney on appeal, he failed to raise issues that could have been raised on appeal. In addition, Judge Marks ruled on the merits of Ferron's claim and held that his trial counsel had provided "meaningful representation" and no hearing was required. County Ct. 3/31/99 Order, Respondent's App. L at 133–135. The Fourth Department denied Ferron's leave to appeal on August 19, 1999.

Respondent argues that Ferron's ineffective assistance of counsel claim is barred because of procedural default since the trial court relied on a state procedural bar, CPL § 440.10(2)(c), as an adequate and independent ground for rejecting the claim. Respondent also contends that the claim is meritless.

The Second Circuit has specifically held that a court's reliance on CPL § 440.10(2)(c) constitutes an adequate and independent state ground that precludes federal habeas review. *See, e.g., Reyes v. Keane,* 118 F.3d 136, 139 (2d Cir.1997). The adequate and independent state ground doctrine requires the federal court to honor a state court holding which is a sufficient basis for its judgment even where, as here, the state court has also ruled on the merits of the federal claim. *Velasquez v. Leonardo,* 898 F.2d 7, 9 (2d Cir.1990); *accord Harris v. Reed,* 489 U.S. 255, 264, n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

Ferron can overcome the procedural default only if he shows cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrates that failure to consider his claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Petitioner can make no such showing here. "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). To show a "fundamental miscarriage of justice" requires that the petitioner demonstrate "actual innocence." *Calderon v. Thompson,* 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998).

Given that Ferron had a different attorney at the appellate level, he is hard-

pressed to demonstrate cause for failing to raise his ineffective assistance of counsel claim on direct appeal. Ferron in fact does not attempt to demonstrate cause or prejudice in his petition but rather asserts that the basis of his ineffective assistance of counsel claim "was not raised or developed on the trial court records and therefore was not a part of the records on direct appeal..." Pet'r. Traverse at 3, Dkt. No. 10. To the contrary, the whole of Ferron's ineffective assistance of counsel claim revolves around defense counsel's performance in connection with the suppression hearing, which was fully raised and developed in the trial court proceedings. I find that Ferron has not shown, and cannot show, that the factual or legal basis for his defaulted claim was not reasonably available to him and appellate counsel at the time of his direct appeal.

Because Ferron has not established cause for the default, I decline to consider if there was any prejudice resulting from the alleged violations of federal law. *Fernandez v. Leonardo*, 931 F.2d 214, 217 (2d Cir.), *cert. denied*, 502 U.S. 883, 112 S.Ct. 236, 116 L.Ed.2d 192 (1991)(determination that petitioner lacked cause for default eliminates need to determine prejudice). Further, Ferron has not demonstrated, much less even alleged, that he is actually innocent of the crime to which he pleaded guilty. Therefore, this Court's failure to consider his claims will not result in a fundamental miscarriage of justice. *Jordan v. Bennett*, 968 F.Supp. 118, 121 (W.D.N.Y.1997). Accordingly, Ferron's ineffective assistance of counsel claim is barred from habeas corpus review.

---

1. Other defendants, cross-defendants and cross-claimants who have since been dismissed as parties to this action include Pfohl Enterprises, Pfohl Brothers, Paul Pfohl, Bernice Pfohl, Dolores Pfohl, Lancaster Stone Products, Town of Cheektowaga, Buffalo

## CONCLUSION

For the reasons stated above, Nicholas Ferron's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Further, because Ferron has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. 28 U.S.C. § 2253.

IT IS SO ORDERED.