# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

840

KA 13-00938

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

EDUARDO HERNANDEZ, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered March 19, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We conclude that County Court properly denied defendant's motion to suppress evidence seized from defendant's home pursuant to a search warrant. Contrary to defendant's contention, the in camera testimony of the confidential informant at the *Darden* hearing established that the confidential informant existed and imparted to the police the information referred to in the search warrant application (*see People v Brown* [appeal No. 1], 93 AD3d 1231, 1231, *lv denied* 19 NY3d 958; *see generally People v Darden*, 34 NY2d 177, 181-182, *rearg denied* 34 NY2d 995). We therefore conclude that the informant's testimony allayed any concerns that the informant "might have been wholly imaginary and the communication from him entirely fabricated" (*Darden*, 34 NY2d at 182; *see People v Edwards*, 95 NY2d 486, 494). Contrary to defendant's further contention, we conclude that the warrant application was facially sufficient inasmuch as the supporting affidavit established that the informant was reliable and had a basis of knowledge for the information imparted to the police (*see generally People v Flowers*, 59 AD3d 1141, 1142-1143; *People v Hernandez*, 262 AD2d 1032, 1032, *lv denied* 94 NY2d 863; *People v Ferron*, 248 AD2d 962, 963, *lv denied* 92

NY2d 879).  Finally, the sentence is not unduly harsh or severe.