People v Reed (2018 NY Slip Op 02067)





People v Reed


2018 NY Slip Op 02067


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


273 KA 17-00154

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SEAN REED, JR., DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






MICHAEL L. D'AMICO, BUFFALO (PHILLIP A. MODRZYNSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered April 21, 2014. The judgment convicted defendant upon his plea of guilty of, inter alia, assault in the third degree and criminal possession of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of, inter alia, assault in the third degree (Penal Law § 120.00 [1]) and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We reject defendant's contentions that he was illegally detained by the police and that Supreme Court should have suppressed all evidence seized from him and all statements made by him as fruit of the poisonous tree.
It is well settled that the forcible detention of a person requires "a reasonable suspicion that [the person detained] has committed, is committing or is about to commit a felony or misdemeanor" (People v De Bour, 40 NY2d 210, 223 [1976]; see CPL 140.50 [1]). "Reasonable suspicion is the quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" (People v Cantor, 36 NY2d 106, 112-113 [1975]), and a detention based on reasonable suspicion "will be upheld so long as the intruding officer can point to specific and articulable facts which, along with any logical deductions, reasonably prompted th[e] intrusion' " (People v Brannon, 16 NY3d 596, 602 [2011], quoting Cantor, 36 NY2d at 113).
In this case, an " identified citizen-informant' " informed law enforcement officers that a 17-year-old girl had not been in contact with her family for several days and had been seen, that day, in the company of defendant and with injuries indicative of a recent assault (People v Hogue, 133 AD3d 1209, 1213 [4th Dept 2015], lv denied 27 NY3d 1152 [2016]). Although the informant, the minor's grandmother, did not personally observe the minor's injuries, she had spoken with others who had, and she was aware of prior alleged incidents of violence involving defendant and the minor. "As a general rule, hearsay is admissible at a suppression hearing" (People v Edwards, 95 NY2d 486, 491 [2000]; see CPL 710.60 [4]) and, where, as here, "police action requires reasonable suspicion rather than probable cause, a lesser showing with respect to an informant's reliability and basis of knowledge suffices" (People v Brown, 288 AD2d 152, 152 [1st Dept 2001], lv denied 97 NY2d 727 [2002]). Once contact with the minor was established, law enforcement officers asked her to send a photograph of herself to confirm her location and that she was safe. Her refusal to do so only added to the suspicion that she had been assaulted and might not be in defendant's company voluntarily. After police officers located defendant, they had reasonable suspicion to detain him to investigate the allegations that he had assaulted [*2]the minor (see Hogue, 133 AD3d at 1213; Brown, 288 AD2d at 152). We thus conclude that the evidence seized from and the statements made by defendant following his lawful detention are not subject to suppression as fruit of the poisonous tree.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court