■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MASCOLO, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered February 4, 1985, convicting him of driving while intoxicated and operating a motorcycle without a reflectorized helmet, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the verdict returned by the jury was repugnant in that it found him guilty of violating Vehicle and Traffic Law § 1192 (2) while acquitting him of violating Vehicle and Traffic Law § 1192 (3). We disagree.

The jury could have reasonably concluded, based on the testimony adduced from the police officer who administered the test and that of the People's expert witness, that the breathalyzer results were reliable and that the alcohol content of defendant's blood reached the statutory level, but that based on the testimony of the defense witnesses, the defendant did not appear to be intoxicated at the time of his arrest (see,

*e.g., People v Farmer,* 36 NY2d 386, 393; *see also, People v Whelan,* 165 AD2d 313).

This court has already rejected the claim posited by the defendant that Vehicle and Traffic Law § 1192 (2) is void for vagueness and has held this statute to be constitutional *(see, People v Gates,* 122 AD2d 159; *People v Perez,* 73 AD2d 677).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find that they are without merit. Kunzeman, J. P., Rosenblatt, Miller and Ritter, JJ., concur.