■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE LAWSON, Appellant. [594 NYS2d 346] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered October 13, 1987, convicting him of operating a motor vehicle while intoxicated as a felony, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, entered August 17, 1990, which denied, without a hearing, his motion to vacate the judgment pursuant to CPL 440.10.

Ordered that the judgment and the order are affirmed.

The defendant contends that the evidence was legally insufficient to support his conviction because the People failed to offer evidence adequate to prove that the breathalyzer instrument was properly calibrated with correctly certified chemicals and that the chemicals used in the test were of the proper kind and mixed in the proper proportion. This contention has not been preserved for appellate review, as the defendant failed to advance this argument before the trial court in support of his motion to dismiss the indictment at the close of the People's case (see, People v Logan, 74 NY2d 859; People v Hood, 156 AD2d 468). In any event, viewing the evidence

adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction beyond a reasonable doubt.

The defendant also contends that the jury verdict finding him guilty of violating Vehicle and Traffic Law § 1192 (2) while acquitting him of violating Vehicle and Traffic Law § 1192 (3) and (4) was against the weight of the evidence. However, upon the exercise of our factual review power *(see,* CPL 470.15 [5]), we find that the jury could have reasonably concluded, based on the testimony adduced from the police officer who administered the test and that of the People's expert witnesses, that the breathalyzer result was reliable and that the alcohol content of the defendant's blood reached the statutory level, but that based on the testimony of the defense witnesses, the defendant did not appear to be intoxicated nor did it appear that his ability to operate a motor vehicle was impaired at the time of his arrest *(see, e.g., People v Farmer,* 36 NY2d 386, 393; *People v Mascolo,* 175 AD2d 812).

The Supreme Court providently exercised its discretion by denying the defendant's motion pursuant to CPL 440.10 without a hearing because the defendant failed to submit sworn allegations substantiating or tending to substantiate all of the essential facts necessary to support his motion *(see,* CPL 440.30 [4] [b]; *People v Session,* 34 NY2d 254; *People v LaPella,* 185 AD2d 861). The defendant has failed to submit any sworn allegations to substantiate his claim that the certificate of analysis for ampoule lot number 1235, a material used in his breathalyzer test, was not competent to prove the integrity or chemical composition of the ampoules used therein. The Pennsylvania Auditor General's investigative report merely constitutes hearsay evidence, and the trial testimony of witnesses who testified in previous cases is irrelevant to this case, as that testimony pertained only to ampoule lot number 0916.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.