THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED GREEN, True Name MALIK WATTERS, Appellant. [789 NYS2d 500]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered April 11, 2002, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Feldman, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, probable cause for his arrest was established by the evidence adduced at the suppression hearing. "Under the fellow officer rule, a police officer can make a lawful arrest even without personal knowledge sufficient to establish probable cause, so long as the officer is acting upon the direction of or as a result of communication with a fellow officer . . . in possession of information sufficient to constitute probable cause for the arrest . . . Information received from another police officer is presumptively reliable . . . Where, however, an arrest is challenged by a motion to suppress, the prosecution bears the burden of establishing that the officer imparting the information had probable cause to act" (*People v Ketcham,* 93 NY2d 416, 419-420 [1999] [internal citations and quotation marks omitted]). Where, as here, the knowledge of the officer is based on his first-hand observation of the defendant committing the crime, the People are not required to produce that officer at the suppression hearing, but may rely instead on the testimony of one of the arresting officers (*see People v Petralia,* 62 NY2d 47, 51-52 [1984], *cert denied* 469 US 852 [1984]; *People v Maldonado,* 86 NY2d 631 [1995]; *People v Washington,* 87 NY2d 945 [1996]; *People v Ketcham, supra* at 420). Moreover, the arresting officers and the officer who sent a radio message had jointly encountered the defendant on the street just minutes earlier, and therefore the arresting officers had independent knowledge of the defendant's physical appear-

ance, characteristics, and clothing. Under these circumstances, the hearing court properly concluded that the description and location conveyed by the officer who sent the radio message were sufficient to impute probable cause to the arresting officers.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Santucci, J.P., Luciano, Rivera and Fisher, JJ., concur.