■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGO ORELLANA, Appellant. [881 NYS2d 102]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Mahon, J.), rendered December 8, 2006, convicting him of operating a motor vehicle while intoxicated and driving while ability impaired, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's contention that the result of his breathalyzer test should have been suppressed is unpreserved for appellate review, as he did not move in the trial court to suppress the result of his test (*see People v McNair,* 45 AD3d 872 [2007]; *People v Rogers,* 34 AD3d 504, 504-505 [2006]). In any event, the results of his breathalyzer test, as well as his statement made to the arresting officer, were properly admitted in evidence, since the stop of the defendant's vehicle was lawful. " '[A]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred' " (*People v Sluszka,* 15 AD3d 421, 423 [2005], quoting *People v Robinson,* 97 NY2d 341, 348-349 [2001]). The testimony of the arresting officer established that the officer had probable cause to stop the defendant for a

suspected traffic infraction, and to arrest him for driving while intoxicated.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Lawson, 191 AD2d 514, 515 [1993]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Rivera, J.P., Covello, Dickerson and Chambers, JJ., concur.