THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HAMILTON, Appellant. [933 NYS2d 590]—

" '[A]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred' " (*People v Robinson*, 97 NY2d 341, 348-349 [2001] [internal quotation marks omitted]; *see People v Orellana*, 62 AD3d 813, 813 [2009]; *People v Sluszka*, 15 AD3d 421, 423 [2005]). Here, the testimony of the arresting officer established that the officer had probable cause to stop the defendant for a suspected traffic violation, and to arrest him for driving while intoxicated. Accordingly, the County Court correctly denied that branch of the defendant's omnibus motion which was to suppress the results of a blood alcohol test.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to

view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel, since the record as a whole demonstrates that he received meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]; *People v Wells*, 1 AD3d 621 [2003]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Eng, Belen and Austin, JJ., concur.