Judgment, Supreme Court, New York County (Daniel McCullough, J, at hearing; Roger S. Hayes, J., at plea and sentencing), rendered August 30, 2011, convicting defendant of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of IV2 to 3 years, unanimously affirmed.
The court properly denied defendant’s suppression motion. During an undisputedly lawful car stop, the police saw bags of *432 what they believed to be stolen property. The record supports the hearing court’s finding that the police properly seized these bags under the plain view doctrine.
Defendant contests the element of the plain view doctrine requiring that it be immediately apparent to the officer that the items are contraband or evidence of a crime. The plain view doctrine does not require certainty or near certainty as to the incriminating nature of the items. Instead, it “merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A practical, nontechnical probability that incriminating evidence is involved is all that is required” (Texas v Brown, 460 US 730, 742 [1983] [internal quotation marks and citation omitted]).
Here, there was a chain of circumstances leading up to the seizure of the bags that warranted a reasonable belief that they contained stolen merchandise. The police officers, who had extensive experience in theft-related crimes, observed defendant and his companion get out of a car. The two men, who were carrying empty Century 21 shopping bags, walked rapidly toward a CVS store that was a frequent target of thieves. The officers also knew that, because of their large carrying capacity, Century 21 bags were popular with shoplifters, and that CVS personnel were not likely to check non-CVS bags.
The two men entered the CVS, quickly came out with the bags visibly heavier and fuller, and got back in the car. When the police lawfully stopped the car for a traffic infraction, their suspicion was heightened when defendant spontaneously said, “[W]hy you guys trying to drop a case on me?” When an officer asked defendant what he was doing with the bags, defendant gave an answer that was contradicted by the officer’s own observations of defendant’s conduct.
When the officer shined a flashlight into the car, he saw a large quantity of over-the-counter medication in the shopping bags on the back seat. The officers believed that this was far more medicine than a person would be likely to purchase at one time, and they were aware that such medications were commonly sold on the street.
The totality of circumstances rendered it immediately apparent that the bags were incriminating, regardless of whether each link in the chain, viewed in isolation, had an innocent explanation. For example, while it may be perfectly legal to buy an unusually large supply of most nonprescription medicines, *433 the quantity was suspicious in the context of defendant’s actions and statements, as well as the officers’ experience (see e.g. People v Marte, 295 AD2d 102, 103 [2002], lv denied 98 NY2d 769 [2002] [suspicious quantity of cable boxes]).
This chain of events also provided probable cause for an arrest, or at least reasonable suspicion that justified the officers’ brief investigative detention of defendant while they ascertained that the merchandise had, in fact, been stolen (see People v Allen, 73 NY2d 378 [1989]; People v Hicks, 68 NY2d 234 [1986]). Accordingly, there is no basis for suppression of defendant’s videotaped statement. Concur — Andrias, J.E, Friedman, Acosta, Freedman and Clark, JJ.