■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JERMAINE MITCHELL, Respondent. [2 NYS3d 207]—

Appeal by the People from an order of the Supreme Court, Nassau County (Grella, J.), dated October 9, 2013, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials on the ground that they were derived from an unlawful stop of the defendant's vehicle.

Ordered that the order is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials on the ground that they were derived from an unlawful stop of a vehicle are denied, and the matter is remitted to the Supreme Court, Nassau County, to determine that branch of the defendant's omnibus motion which was to suppress the defendant's statements to law enforcement officials on the ground that the statements were involuntary.

Upon being charged with two counts of operating a motor vehicle while under the influence of alcohol, the defendant moved, inter alia, to suppress physical evidence and his statements to law enforcement officials. A hearing was held, at which Police Officer Matthew Schmidt testified that, in response to a radio transmission, he traveled to exit 50 of the Long Island Expressway (hereinafter the LIE), where he encountered Police Officer Joseph Olivieri and the defendant standing on the shoulder of the highway. At that time, according to Schmidt, Olivieri indicated that he had been sitting in a police car at exit 46 of the LIE, measuring the speed of passing motorists, when a vehicle passed him at a speed of 110 miles per hour. Olivieri told Schmidt that he followed and pulled the vehicle over at exit 50, and that the defendant had been driving the vehicle. Schmidt further testified that, when he approached the defendant, he observed that the defendant had glassy, bloodshot eyes, and a strong odor of alcohol on his breath. The defendant was subsequently arrested.

The People were unable to present the testimony of Officer Olivieri, who died prior to the suppression hearing. The Supreme Court granted those branches of the defendant's omnibus motion which were to suppress physical evidence and the defendant's statements to law enforcement officials on the ground that they were derived from an unlawful stop of the defendant's vehicle, upon finding that the People failed to establish that the initial stop of the vehicle was lawful. Although the Supreme Court found Schmidt to be credible, it concluded that the defendant's constitutional right of confrontation was violated because Olivieri did not testify as to the circumstances of the vehicle stop.

Pursuant to statute, "hearsay evidence is admissible to establish any material fact" at a pretrial suppression hearing (CPL 710.60 [4]; *see People v Edwards*, 95 NY2d 486, 491 [2000]; *see also United States v Raddatz*, 447 US 667, 679 [1980]; *United States v Matlock*, 415 US 164, 174-175 [1974]). Thus, "[a] police witness at a suppression hearing may establish probable cause by personal knowledge, as well as by information supplied by fellow officers" (*People v Edwards*, 95 NY2d at 491; *People v Petralia*, 62 NY2d 47 [1984]). Where the knowledge of the imparting officer is based on his or her firsthand observations, the People are not required to produce that officer at the suppression hearing (*see People v Ketcham*, 93 NY2d 416, 420 [1999]; *People v Petralia*, 62 NY2d at 51-52; *People v Green*, 13 AD3d 646 [2004]).

Here, Schmidt's testimony established that the stop of the defendant's vehicle was lawful, based upon the firsthand observations of Olivieri, which were imparted to Schmidt (*see People v Green*, 13 AD3d at 646; *see also People v Orellana*, 62 AD3d 813 [2009]). Probable cause for the defendant's arrest also was established through Olivieri's observations, as imparted to Schmidt, together with Schmidt's own personal observations (*see People v Green*, 13 AD3d at 646; *see also People v Orellana*, 62 AD3d at 813).

Contrary to the Supreme Court's conclusion, the decision of the United States Supreme Court in *Crawford v Washington* (541 US 36 [2004]) does not require a different result. In *Crawford*, the Supreme Court considered whether particular evidence admitted at trial violated the defendant's right to confrontation under the Sixth Amendment of the United States Constitution (*see id.* at 38; *see also Pennsylvania v Ritchie*, 480 US 39, 52 [1987]; *Barber v Page*, 390 US 719, 725 [1968]), and did not address the admission of hearsay evidence in pretrial suppression hearings (*see People v Brink*, 31 AD3d 1139 [2006]).

The defendant's remaining contention is not properly before this Court (*see* CPL 470.35 [1]; *People v LaFontaine*, 92 NY2d 470, 474 [1998]).

Accordingly, that branch of the defendant's omnibus motion which was to suppress physical evidence and his statements to law enforcement officials on the ground that they were derived from an unlawful stop of the defendant's vehicle should have been denied. Since the Supreme Court did not determine that branch of the defendant's omnibus motion which was to suppress the defendant's statements to law enforcement officials on the ground that the statements were involuntary, we remit the matter to the Supreme Court, Nassau County, to determine that

branch of the motion. Skelos, J.P., Balkin, Austin and Barros, JJ., concur.