The People of the State of New York, Respondent,
against
Corey Williams, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Robert M. Mandelbaum, J.), rendered April 18, 2013, convicting him, upon his plea of guilty, of driving while intoxicated, and imposing sentence.




Per Curiam.
Judgment of conviction (Robert M. Mandelbaum, J.), rendered April 18, 2013, affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Martin, 112 AD3d 453, 454 [2013]). The arresting officer's testimony established that the stop of the defendant's vehicle was lawful, based upon the firsthand observations of a fellow officer, who observed defendant driving his vehicle at a high rate of speed without headlights, and these observations were imparted to the arresting officer (see People v Mitchell, 124 AD3d 912, 914 [2015]; People v Green, 13 AD3d 646 [2004], lv denied 4 NY3d 836 [2005]). Contrary to defendant's contention, "a police witness at a suppression hearing may establish probable cause by personal knowledge, as well as by information supplied by fellow officers" (People v Edwards, 95 NY2d 486, 491 [2000]) and where the knowledge of the imparting officer is based on his first-hand observations, the People are not required to produce that officer at the suppression hearing (see People v Ketcham, 93 NY2d 416, 420 [1999]). 
Defendant failed to preserve his present contention that the court improperly took judicial notice of the applicable speed limit and we decline to review this claim in the interest of justice. Were we to review this claim, we would find that the Court was entitled to take judicial notice of the speed limit in the area where defendant was stopped (see People v Foster, 27 NY2d 47 [1970]; People v Heidelmark, 214 AD2d 767, 769 [1995], lv denied 85 NY2d 973 [1995]). In any event, the police properly stopped defendant's vehicle because he committed another traffic infraction by driving with his headlights off (see People v Richardson, 2 AD3d 175, 175 [2003], lv denied 1 NY3d 633 [2004]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 22, 2018