People v Lee (2019 NY Slip Op 00824)





People v Lee


2019 NY Slip Op 00824


Decided on February 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2019

Friedman, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


8309 986/12

[*1]The People of the State of New York, Respondent,
v
Nino Lee, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Rosemary Herbert of counsel), and Kirkland & Ellis LLP, New York (Daniel Herz-Roiphe of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (James M. Kindler, J.), rendered August 1, 2014, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of 5½ years, unanimously affirmed.
At a Rodriguez hearing (see People v Rodriguez, 79 NY2d 445 [1992]), a detective's testimony established that a witness was sufficiently familiar with defendant so that his identification of defendant was confirmatory. The People were not obligated to call the identifying witness (see e.g. People v Espinal, 262 AD2d 245 [1st Dept 1999], lv denied 93 NY2d 1017 [1999]), because the detective gave detailed testimony about the witness's relationship with defendant. The witness knew defendant, a frequent customer in the witness's store, by his first name, and saw him several times a week over a period of three years.
Defendant's request that the witness testify at the Rodriguez hearing was insufficient to preserve his present claim that such testimony was constitutionally required under the Confrontation Clause, and we decline to review it in the interest of justice. As an alternative holding, we reject this claim on the merits, in light of the fundamental difference between a suppression hearing, where hearsay is generally admissible, and a trial (see People v Terry, 224 AD2d 202, 203 [1st Dept 1996], lv denied 88 NY2d 943 [1996]; see also People v Mitchell, 124 AD3d 912, 914 [2d Dept 2015]; People v Brink, 31 AD3d 1139, 1140 [4th Dept 2006], lv denied 7 NY3d 865 [2006]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 5, 2019
CLERK