People v Clement (2022 NY Slip Op 51038(U))

[*1]

People v Clement (Chandra)

2022 NY Slip Op 51038(U) [76 Misc 3d 138(A)]

Decided on October 25, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 25, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, J.

570412/19

The People of the State of New
York, Respondent,
against
Chandra Clement,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Marsha D. Michael, J., at suppression hearing; Tara A. Collins, J., at plea
and sentencing), rendered March 26, 2019, convicting her, upon her plea of guilty, of
driving while ability impaired by alcohol, and imposing sentence.

Per Curiam.
Judgment of conviction (Marsha D. Michael, J., at suppression hearing; Tara A.
Collins, J., at plea and sentencing), rendered March 26, 2019, affirmed.
The court properly denied defendant's suppression motion. There is no basis for
disturbing the court's credibility determinations, which are supported by the record
(see People v Prochilo, 41 NY2d 759, 761 [1977]). The arresting officer's
testimony established that the stop of the defendant's vehicle was lawful, based upon the
firsthand observation imparted to him by a fellow officer, the latter having observed
defendant driving without headlights (see People v Mitchell, 124 AD3d 912, 914
[2015]; People v Green, 13 AD3d 646 [2004], lv denied 4 NY3d 836
[2005], 4 NY3d 831 [2005]). Contrary to defendant's contention, "[a] police witness at a
suppression hearing may establish probable cause by personal knowledge, as well as by
information supplied by fellow officers" (People v Edwards, 95 NY2d 486, 491
[2000]) and where, as here, the knowledge of the imparting officer was based on his
firsthand observation, the People were not required to produce that officer at the
suppression hearing in order to satisfy their burden of going forward to establish the
legality of the initial stop (see People v Ketcham, 93 NY2d 416, 420 [1999]).

All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: October 25, 2022