People v Johnson (2023 NY Slip Op 01690)

People v Johnson

2023 NY Slip Op 01690

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ROBERT J. MILLER, JJ.

2017-03938
 (Ind. No. 1967/15)

[*1]The People of the State of New York, respondent,
v
Juan Johnson, appellant.

Patricia Pazner, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Andrew S. Durham of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered March 28, 2017, convicting him of criminal possession of a forged instrument in the second degree (three counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ruth Shillingford, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence. By decision and order dated July 15, 2020, this Court affirmed the judgment (see People v Johnson, 185 AD3d 838, revd 37 NY3d 1166). On February 10, 2022, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court for further proceedings (see People v Johnson, 37 NY3d 1166).
ORDERED that, upon remittitur from the Court of Appeals, the judgment is affirmed.
The Supreme Court properly determined that the defendant was lawfully arrested upon probable cause. The evidence presented at the suppression hearing established that the police officers possessed probable cause to stop a vehicle being operated by a codefendant after observing the codefendant commit a traffic infraction by changing lanes without signaling and because a check of the officers' onboard computer system revealed that the license plate on that vehicle, a Nissan Maxima, belonged to a 2002 Lexus (see People v Robinson, 97 NY2d 341, 348-49; People v John, 119 AD3d 709; People v Hamilton, 89 AD3d 1104). At the time of the traffic stop, the defendant was seated in the front passenger seat of the vehicle. The officers properly approached the vehicle and, upon seeing barcode stickers indicating the vehicle was a rental vehicle, properly asked the codefendant for his driver license and documentation (see Vehicle and Traffic Law §§ 312[1][b]; 319[3]; 401[4]; 507[2]; People v Robinson, 97 NY2d 341; People v DeBour, 40 NY2d 210). The codefendant provided only his name and directed the defendant to retrieve a rental agreement from the glove compartment. Upon inspection of the rental agreement, one of the officers learned that it did not bear either the codefendant's or the defendant's name, but instead bore the name of another party, a woman. Upon calling the rental company and being unable to verify the rental situation, as a precautionary measure, the officers lawfully asked the defendant and the codefendant to step out of the vehicle (see People v Robinson, 74 NY2d 773, 774; see also Michigan v Long, 463 US 1032; Pennsylvania v Mimms, 434 US 106). Looking into a window, one of the officers saw bundles of [*2]credit cards in an open plastic bag in plain view. These observations together with that officer's prior training and experience in the packaging, distribution, and appearance of fraudulent credit cards established probable cause for the officers to arrest the defendant (see Texas v Brown, 460 US 730, 742).
Furthermore, the credit cards were lawfully seized since the officers had probable cause to believe they were fraudulent, given the large number of credit cards, bound and packaged in a way that was not conducive to their ready common-sense use. The evidence established that there were 90 credit cards divided into multiple, separate bundles, with each bound with a rubber band (see People v Yancy, 86 NY2d 239; People v Taylor, 104 AD3d 431).
Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.
DILLON, J.P., BARROS, CONNOLLY and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court