(September 30, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN R. JOHNSON, Appellant. [662 NYS2d 955] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion to suppress defendant's statement to the police. The promise by the District Attorney that he would not ask the court to sentence defendant as a persistent felony offender did not create "a substantial risk that the defendant might falsely incriminate himself" (CPL 60.45 [2] [b] [i]; *see, People v Hamelinck*, 222 AD2d 1024, *lv denied* 87 NY2d 921; *People v Engert*, 202 AD2d 1023, 1024, *lv denied* 83 NY2d 910). Further, contrary to the contentions in defendant's first *pro se* supplemental brief, that statement was not obtained in violation of defendant's right to counsel (*see, People v Steward*, 88 NY2d 496, 502, *rearg denied* 88 NY2d 1018) or to remain silent (*see, People v Morton*, 231 AD2d 927, *lv denied* 89 NY2d 944).

The court properly denied defendant's motion to suppress physical evidence without conducting a hearing (*see, People v Dunn*, 155 AD2d 75, 80, *affd* 77 NY2d 19, *cert denied* 501 US 1219). The record supports the court's determination that probable cause existed for the issuance of the warrant to search defendant's residence and vehicles (*see, People v Freitag*, 148 AD2d 544, 545, *lv denied* 74 NY2d 739) and the order authorizing the taking of blood, saliva and hair samples from defendant (*see, People v Ireland*, 178 AD2d 1008, 1009, *lv denied* 79 NY2d 948). Evidence relating to the contents of the rape kit was properly received. The People's failure to establish an unbroken chain of custody for all of the samples in the rape kit may be excused because " 'the circumstances provide reasonable assurances of the identity and unchanged condition' of the evidence" (*People v Julian*, 41 NY2d 340, 343, quoting *Amaro v City of New York*, 40 NY2d 30, 35; *see, People v Moyer*, 186 AD2d 997, 998, *lv denied* 81 NY2d 844).

Defendant did not preserve for our review his contention that his sentence as a persistent felony offender was improperly based upon a youthful offender adjudication (*see, People v Torres*, 194 AD2d 488, *lv denied* 82 NY2d 727), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Sodomy, 1st Degree.) Present—Denman, P. J., Green, Doerr, Balio and Boehm, JJ.