■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON A. PHILLIPS, Appellant. [662 NYS2d 875] —Judgment unanimously reversed on the law, motion to suppress granted and indictment dismissed. Memorandum: Following remittal by this Court for a *Darden* hearing (*People v Phillips,* 237 AD2d 971; *see, People v Darden,* 34 NY2d 177, *rearg denied* 34 NY2d 995), County Court found that the People failed to establish the existence of the informant by credible extrinsic evidence. The police officer who testified at the hearing identified the informant by name, but none of the police records he produced contained the name or a photograph of the informant. Efforts to locate the informant were perfunctory, and, as the court noted, a number of logical avenues for follow-up were not pursued. The record supports the court's finding that the police officer's testimony was inconsistent and lacked sufficient credibility to establish the existence of the informant (*see, People v Carpenito,* 80 NY2d 65, 68-69; *see generally, People v Prochilo,* 41 NY2d 759, 761).

Because the People failed either to produce the informant or prove the existence of the informant by extrinsic evidence, the information allegedly derived from the informant cannot be used to establish probable cause (*see, People v Adrion,* 82 NY2d 628, 636-637). That information was the People's sole claimed basis for defendant's arrest and for the court's denial of defendant's suppression motion. Thus, the judgment of conviction must be reversed, the motion to suppress granted and the indictment dismissed (*see, People v Adrion, supra,* at 636-637). (Resubmission of Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Green, J. P., Lawton, Callahan, Boehm and Fallon, JJ. (Filed Sept. 5, 1997.)