■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHID ABDUR-RAHMAN, Appellant. [718 NYS2d 918] —Judgment

unanimously affirmed. Memorandum: County Court properly refused to suppress defendant's statement to the police. Contrary to the contention of defendant, his statement was not rendered involuntary by the District Attorney's agreement to charge defendant with a misdemeanor in exchange for defendant's cooperation. That agreement did not create "a substantial risk that the defendant might falsely incriminate himself" (CPL 60.45 [2] [b] [i]; *see, People v Johnson*, 242 AD2d 855, *lv denied* 91 NY2d 835).

The court also properly refused to suppress physical evidence seized from defendant's vehicle. The court's findings of credibility are entitled to great weight (*see, People v Prochilo*, 41 NY2d 759, 761) and should not be disturbed where, as here, they are supported by the record (*see, People v Johnson*, 275 AD2d 949). The record supports the court's findings that defendant voluntarily stopped his vehicle and that the subsequent search of the vehicle was proper because the police had the requisite " 'founded suspicion' of criminal activity" to obtain defendant's consent to the search (*People v Tejeda*, 217 AD2d 932, 933, *lv denied* 87 NY2d 908).

We reject the contention of defendant that he was denied effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147). In addition, the verdict is not against the weight of the evidence. The jury was entitled to resolve issues of credibility against defendant, and we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Livingston County Court, Alonzo, J.—Attempted Burglary, 3rd Degree.) Present—Pigott, Jr., P. J., Hurlbutt, Kehoe and Lawton, JJ.