# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1130

KA 07-01554

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVID BINION, DEFENDANT-APPELLANT.

---

KIMBERLY J. CZAPRANSKI, INTERIM CONFLICT DEFENDER, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered November 29, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree (four counts), attempted criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of four counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [former (4)]), one count of attempted criminal possession of a weapon in the third degree (§§ 110.00, 265.02 [1]) and two counts of criminal possession of a weapon in the fourth degree (§ 265.01 [former (4)]). The conviction arose from defendant's possession of guns in his residence and a vehicle in which he was a passenger. During the initial police investigation of a report of shots fired in the vicinity of defendant's residence, a police sergeant and a police officer each had a face-to-face conversation with a different unidentified citizen informant. Facts developed in the investigation and the information provided by the two unidentified citizen informants provided the basis for the issuance of a search warrant for defendant's residence.

Defendant contends the search warrant was not issued upon probable cause and thus that County Court erred in refusing to suppress the guns recovered from his residence by the police. Contrary to defendant's contention concerning the warrant application, the court properly denied his motion for a *Franks/Alfinito* hearing (*see Franks v Delaware*, 438 US 154; *People v Alfinito*, 16 NY2d 181) because he failed to make "a substantial preliminary showing that a

false statement knowingly and intentionally, or with reckless disregard of the truth, was included by the affiant in the warrant affidavit, and . . . [that such] statement [was] necessary to the finding of probable cause" (*Franks*, 438 US at 155; *see People v Tambe*, 71 NY2d 492, 504-505). Additionally, at the *Darden* hearing, the People established the unavailability of the informants despite diligent efforts to locate them (*see People v Carpenito*, 80 NY2d 65, 68). Thereafter, the court properly considered extrinsic evidence of the informants' existence in reaching its determination that the two informants existed (*see People v Fulton*, 58 NY2d 914, 916; *cf. People v Phillips*, 242 AD2d 856, 856). We note that the court's assessment of the witnesses' credibility at the *Darden* hearing is entitled to great deference (*see generally People v Prochilo*, 41 NY2d 759, 761).

Contrary to defendant's further contention, we conclude that the hearsay information supplied in the search warrant affidavit satisfied the two prongs of the *Aguilar-Spinelli* test and that the search warrant was issued upon probable cause (*see generally People v DiFalco*, 80 NY2d 693, 696-699). Consequently, we reject defendant's contention that the guns recovered from his residence should have been suppressed.

In contending that the court erred in refusing to suppress the guns found in the vehicle in which he was a passenger, defendant asserts that the stop of the vehicle, the pat frisk of his person, his detention at the scene, the search of the vehicle and his arrest were improper. Contrary to defendant's contention, a traffic stop is lawful where, as here, "a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation, . . . [regardless of] the primary motivation of the officer" (*People v Robinson*, 97 NY2d 341, 349). We further conclude that defendant's removal from the vehicle and the pat frisk of his person were justified. Based on concern for officer safety, the police may properly " 'require a driver who commits a traffic violation and any passenger to exit the vehicle *even though they lack any particularized reason for believing the driver possesses a weapon*' " (*People v Robinson*, 74 NY2d 773, 774, *cert denied* 493 US 966). Here, at the time of the traffic stop, the police observed the furtive movements of the driver and defendant in the vehicle and, upon identifying defendant, they were aware that other police officers were simultaneously executing a search warrant for guns at his residence. "Thus, '[c]onsidering the totality of the circumstances . . . , [we conclude that] there was an ample measure of reasonable suspicion necessary to justify' " the removal of defendant from the vehicle and the limited frisk for weapons (*People v Goodson*, 85 AD3d 1569, 1570, *lv denied* 17 NY3d 953; *see Robinson*, 74 NY2d at 774-775).

We conclude that defendant's detention at the scene of the traffic stop was lawful and did not constitute a de facto arrest. Defendant was placed in the back seat of a patrol vehicle without handcuffs after the police observed him leaving a residence subject to a search warrant, and they observed his furtive movements and those of the driver. The nonarrest detention was necessary due to the

suspicion of criminal activity, pursuant to which the police sought the consent of the vehicle's owner to search the vehicle (*see generally People v Abdur-Rahman*, 278 AD2d 884, 885, *lv denied* 96 NY2d 825). Furthermore, the police action in detaining defendant was reasonable based on the need for officer safety (*see People v Drake*, 93 AD3d 1158, 1160) and the needs of law enforcement to ensure that defendant did not interfere with execution of the search warrant (*see generally People v Jackson*, 88 AD3d 451, 451-452, *lv denied* 18 NY3d 884). Upon obtaining the consent of the vehicle owner to search the vehicle (*see People v Quagliata*, 53 AD3d 670, 671, *lv denied* 11 NY3d 834; *see also People v Calloway*, 71 AD3d 1493, 1493, *lv denied* 15 NY3d 748), the police recovered two handguns from the interior of the vehicle, whereupon "reasonable suspicion ripened into probable cause to arrest defendant" (*People v Coon*, 212 AD2d 1009, 1010, *lv denied* 85 NY2d 937; *see People v Williams*, 17 AD3d 1043, 1044, *lv denied* 5 NY3d 811).

Also contrary to defendant's contention, the court did not err in reopening the suppression hearing to clarify the timing of the vehicle owner's consent to search the vehicle before rendering a decision on defendant's suppression motion (*see People v Ramirez*, 44 AD3d 442, 443, *lv denied* 9 NY3d 1008; *People v Cestalano*, 40 AD3d 238, 238-239, *lv denied* 9 NY3d 921).

We further conclude that the court properly admitted in evidence the guns recovered from the vehicle. "Mere identification by one familiar with the object[s] . . . will be sufficient [to authenticate evidence] 'when the object[s] possess[ ] unique characteristics or markings' and any material alteration would be readily apparent" (*People v McGee*, 49 NY2d 48, 60), and there were no testimonial, out-of-court statements that would implicate defendant's right of confrontation (*cf. Bullcoming v New Mexico*, ___ US ___, ___, 131 S Ct 2705, 2710).

Finally, the imposition of consecutive sentences was not illegal given that two distinct acts were involved (*see People v Laureano*, 87 NY2d 640, 643; *People v Brown*, 80 NY2d 361, 363-364).

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court