Appeal from a judgment of the Jefferson County Court (James P. McClusky, J.), rendered March 31, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree.
 

 It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Jefferson County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminally using drug paraphernalia in the second degree (§ 220.50 [3]), defendant contends that County Court erred in denying his request for a Darden hearing (see generally People v Darden, 34 NY2d 177, 181 [1974], rearg denied 34 NY2d 995 [1974]). We agree. Where, as here, there is insufficient evidence to establish probable cause supporting a search warrant without the statements of a confidential informant, the People must make the informant available for questioning in camera (see People v Allen, 298 AD2d 856, 856 [4th Dept 2002], lv denied 99 NY2d 579 [2003]; see generally People v Crooks, 27 NY3d 609, 612-613 [2016]). If, however, the informant cannot be produced despite the diligent efforts of the People, “the People may instead ‘establish the existence of [the] confidential informant! ] through extrinsic evidence’ after demonstrating that ‘the informant is legitimately unavailable’ ” (People v Edwards, 95 NY2d 486, 493 [2000]). Here, the court summarily denied defendant’s request upon the People’s bare assertion that the informant was in California and thus unavailable. Although the People subsequently produced an unsworn letter, purportedly from the informant’s drug treatment facility in California, stating that the informant required uninterrupted care, that letter, without more, is insufficient to demonstrate that the informant was legitimately unavailable. We conclude that the People failed to establish that an exception to the Darden rule is applicable, and thus the court erred in denying defendant’s request for a Darden hearing (see People v Carpenito, 171 AD2d 45, 53-54 [2d Dept 1991], affd 80 NY2d 65 [1992]). We therefore hold the case, reserve decision, and remit the matter to County Court to conduct an appropriate hearing, at which the People will not be precluded from offering evidence that the informant is currently unavailable.
 

 Present—Whalen, P.J., Smith, Carni, Troutman and Winslow, JJ.