People v Givans (2019 NY Slip Op 02220)





People v Givans


2019 NY Slip Op 02220


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, TROUTMAN, AND WINSLOW, JJ.


288 KA 16-00732

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AL A. GIVANS, DEFENDANT-APPELLANT. 






LAW OFFICES OF KEVIN A. LANE PLLC, BUFFALO (KEVIN A. LANE OF COUNSEL), FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (ZAKARY I. WOODRUFF OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (James P. McClusky, J.), rendered March 31, 2016. The appeal was held by this Court by order entered December 22, 2017, decision was reserved and the matter was remitted to Jefferson County Court for further proceedings (156 AD3d 1470). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, those parts of the omnibus motion seeking to suppress tangible property and statements are granted, the indictment is dismissed, and the matter is remitted to Jefferson County Court for proceedings pursuant to CPL 470.45.
Memorandum: We previously concluded that County Court erred in denying defendant's request for a Darden hearing, and we therefore held the case, reserved decision, and remitted the matter for the court to conduct an appropriate hearing (People v Givans, 156 AD3d 1470, 1470-1471 [4th Dept 2017]). Upon remittal, the court held a hearing in defendant's absence. The People offered only the alleged confidential informant's death certificate, which the court received in evidence. There was no testimony. Before the hearing, defendant was provided a redacted copy of the death certificate and was allowed to submit questions. After the hearing, the court concluded that the People could not produce the informant despite their diligent efforts and had established the existence of the informant through extrinsic evidence. That was error. We therefore reverse the judgment, grant those parts of defendant's omnibus motion seeking to suppress tangible property and his statements, and dismiss the indictment.
The People must produce a confidential informant for an ex parte hearing upon defendant's request where, as here, they rely on the statements of the confidential informant to establish probable cause (see People v Edwards, 95 NY2d 486, 493 [2000]; People v Darden, 34 NY2d 177, 181 [1974], rearg denied 34 NY2d 995 [1974]). At such a hearing, the court "should take testimony, with recognition of the special need for protection of the interests of the absent defendant, and make a summary report as to the existence of the informer and with respect to the communications made by the informer to the police to which the police testify. That report should be made available to the defendant and to the People, and the transcript of testimony should be sealed to be available to the appellate courts if the occasion arises" (Darden, 34 NY2d at 181). The purpose of the Darden hearing is to verify "the truthfulness of the police witness's testimony about his or her dealing with a known informant" (People v Adrion, 82 NY2d 628, 635 [1993]) by ensuring that the informant exists and that he or she provided the police with information about the specified criminal activity (see People v Jones, 149 AD3d 1580, 1581 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]; People v Hernandez, 143 AD3d 1280, 1281 [4th Dept 2016], lv denied 29 NY3d 1080 [2017]). The goal is to allay "any concerns that the informant might have been wholly imaginary and the communication from him [or her] entirely fabricated' " (Hernandez, 143 AD3d at 1281, quoting Darden, 34 NY2d at 182; see Adrion, 82 NY2d at 635-636).
There are, however, exceptions to the requirement that the People produce a confidential informant for a Darden hearing. If the People succeed in making a threshold showing that the informant "is unavailable and cannot be produced through the exercise of due diligence" (Adrion, 82 NY2d at 634; see Edwards, 95 NY2d at 494), they are permitted instead to establish the existence of the informant by extrinsic evidence (see Edwards, 95 NY2d at 493; People v Carpenito, 80 NY2d 65, 68 [1992]).
Even assuming, arguendo, that the People succeeded here in making such a threshold showing, we conclude that they nevertheless failed to establish the existence of the informant by extrinsic evidence (see People v Phillips, 242 AD2d 856, 856 [4th Dept 1997]). The evidence establishes only that a deposition was executed in the name of the alleged confidential informant, that the police obtained a search warrant using the deposition, and that a death certificate was later issued for a person having the same name as the confidential informant. There is no evidence that the alleged informant actually made the statements attributed to her (cf. Jones, 149 AD3d at 1581; Hernandez, 143 AD3d at 1281). The People could have met their burden by offering the testimony of a police witness, which is evidence that is explicitly contemplated in Darden. Yet, they did not. Without it, there is nothing to refute the possibility that the police fabricated the statements in the informant's purported deposition in order to conceal the fact that information critical to the probable cause inquiry was instead obtained through illegal police action.
In light of the foregoing, we need not consider the remaining
contentions in defendant's main and supplemental briefs.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court