People v Nettles (2020 NY Slip Op 04776)





People v Nettles


2020 NY Slip Op 04776


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2016-10548
 (Ind. No. 7641/14)

[*1]The People of the State of New York, respondent,
v
Devon Nettles, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered September 8, 2016, convicting him of criminal possession of a firearm, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Betty J. Williams, J.) of the defendant's motion to controvert a search warrant and for a Darden hearing (see People v Darden, 34 NY2d 177). By decision and order dated May 15, 2019, this Court remitted the matter to the Supreme Court, Kings County, for an in camera hearing and inquiry in accordance with the guidelines set forth in People v Darden, and thereafter for the submission of a report by the Supreme Court on its determination. The appeal was held in abeyance pending receipt of a report from the Supreme Court. The Supreme Court has filed its report.
ORDERED that the judgment is reversed, on the facts, the defendant's motion to controvert the search warrant is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.
On September 4, 2014, a detective with the New York City Police Department obtained a "no knock" search warrant, which authorized a search of an apartment in a 21-story building in Brooklyn. In his affidavit in support of the search warrant, the detective averred that, based upon information from a confidential informant (hereinafter CI) who made two controlled drug buys at the location, there was reasonable cause to believe that there would be evidence of the sale and possession of cocaine, and conspiracy to commit those crimes, including, inter alia, cocaine, vials, caps, glassine envelopes, small ziplock bags, currency, and financial records.
At 6:20 a.m. on September 11, 2014, a team of police officers executed the search warrant. No contraband was found except for a single ziplock bag containing narcotics and some pipes with residue. A semi-automatic handgun was found hidden in the defendant's bedroom closet. The defendant was charged with and ultimately convicted of criminal possession of a firearm, a class E felony. The defendant's appeal from the judgment brings up for review the defendant's motion to controvert the search warrant and for a Darden hearing (see People v Darden, 34 NY2d 177).
In our decision and order dated May 15, 2019, we determined that "the detective's on-the-scene observations during the two controlled drug buys fell short of probable cause without the information provided to him by the CI" (People v Nettles, 172 AD3d 1102, 1103-1104). We explained that, "[a]lthough the detective observed the CI enter and exit the building, the detective was unable to confirm that the CI had actually purchased the narcotics from the subject apartment" (id. at 1104; see generally People v Burks, 134 AD2d 604, 606). Given our determination, we held the appeal in abeyance, and remitted the matter to the Supreme Court, Kings County, inter alia, to conduct an in camera inquiry pursuant to People v Darden (34 NY2d 177).
Upon remittitur, the Darden hearing was held, wherein testimony was taken from a person identified as the CI, as well as the police detective who had obtained the search warrant. In accordance with the Darden procedure, the defendant was not allowed to be present for the hearing, and the hearing transcript was sealed. The defendant was permitted to submit written questions.
In its report, the Supreme Court determined that the testimony of the alleged CI and the detective "clearly established that the individual who was present at the Darden hearing was, in fact, the CI that provided the information that provided probable cause for the search warrant." We reverse.
The Darden rule is necessary to insure "that the confidential informant both exists and gave the police information sufficient to establish probable cause, while protecting the informant's identity" (People v Edwards, 95 NY2d 486, 494; see People v Adrion, 82 NY2d 628, 635). The rule, which "gives clear guidance to lower courts and guarantees that the protections of the Fourth Amendment have not been circumvented" (People v Edwards, 94 NY2d at 494 [internal quotation marks omitted]), "is necessary to properly test the officer's credibility" (id. at 495), and is "designed to protect against the contingency, of legitimate concern to a defendant, that the informer might have been wholly imaginary and the communication from him [or her] entirely fabricated" (People v Darden, 34 NY2d at 182).
The credibility determinations of a hearing court following a Darden hearing are accorded deference on appeal, and will not be disturbed unless they are not supported by the record (see People v Binion, 100 AD3d 1514, 1515; see also People v Plass, 160 AD3d 771, 772-773; People v Kelly, 131 AD3d 484, 485).
Here, the Supreme Court's credibility determinations are not supported by the record. As will be shown, there were substantial material discrepancies between the detective's affidavit in support of the search warrant, and the testimonies of the alleged CI and the detective at the Darden hearing pertaining to (1) the CI's track record of reliability, (2) the prior relationship between the detective and the CI, and (3) the facts and circumstances of the alleged controlled buy or buys at the subject apartment. Consequently, we find that the People failed to meet their burden at the Darden hearing.
In his search warrant affidavit, the detective averred that he spoke "to a confidential informant who is registered with the NYPD . . . [who] has a proven history of reliability based on his/her having provided reliable information on one occasion" (emphasis added). The detective averred that, on this one prior occasion, the information supplied by the CI led to the seizure of heroin and the arrest of three individuals. The detective did not aver that he personally ever worked with the CI.
In contrast to the detective's affidavit, the person identified as the CI testified at the Darden hearing that he/she worked with the detective "[m]aybe 100" times prior to the subject warrant; and that "[p]rior to this search warrant," he/she had sworn out approximately 100 search warrants for the detective. When questioned by the Supreme Court, the detective confirmed that it was correct to say that he and the CI worked together on approximately 100 search warrants. The detective testified that the CI had provided good information on "probably all of" those prior 100 occasions. When asked by the court if there were any discrepancies, the detective stated that there [*2]were none. Consequently, the detective never explained why in his search warrant affidavit he averred that the CI provided reliable information on only one prior occasion.
Additionally, the detective's description of the two controlled buys in his search warrant affidavit was significantly different from the single controlled buy described by the alleged CI at the Darden hearing. In his search warrant affidavit, the detective averred that in a first controlled buy, the CI purchased drugs from a female, and then in the second controlled buy he/she purchased drugs from a male. However, at the Darden hearing, the alleged CI described only one controlled buy in which he/she purchased drugs from a male. The alleged CI testified that he/she had never been to the subject apartment prior to that controlled buy. Overall, the alleged CI's Darden hearing testimony describing the circumstances of a single controlled buy cannot, on this record, be reconciled with the detective's affidavit describing the circumstances of two controlled buys.
Contrary to our dissenting colleagues' opinion, the detective's Darden testimony that he worked with the CI approximately 100 times does not bolster the search warrant application wherein he averred that the CI had only provided reliable information to the police on 1 occasion. Where a search warrant application is based upon hearsay information from a CI, it is critical that the officer give accurate information from which the court may assess, inter alia, the CI's reliability (see Spinelli v United States, 393 US 410; Aguilar v Texas, 378 US 108; People v Bigelow, 66 NY2d 417, 423; People v Rayner, 171 AD2d 820; People v Burks, 134 AD2d at 605). The detective's inconsistency on the critical issue of the CI's track record of reliability and whether the CI had ever worked with the detective, in itself, calls into doubt whether the person identified as the CI at the Darden hearing was the same person referred to as the CI in the detective's affidavit.
Furthermore, we disagree with our dissenting colleagues' attempt to reconcile the contradictory information by resorting to speculation. The People, who bear the burden at the Darden hearing, failed to proffer any evidence or testimony reconciling the aforementioned material contradictions.
Given these inconsistencies regarding the CI's track record and relationship with the detective, and the facts which supported the search warrant application, we disagree with the Supreme Court's conclusion, inter alia, that the People established that the individual referred to as the CI at the Darden hearing was, in fact, the same individual referred to as the CI in the detective's affidavit in support of the search warrant. Given that the court's credibility determinations were not supported by the record, we conclude that the People failed to meet their burden at the Darden hearing to establish, among other things, that the CI both existed and gave the police information sufficient to establish probable cause (see People v Edwards, 95 NY2d at 494; People v Adrion, 82 NY2d at 635).
Accordingly, the judgment must be reversed, the defendant's motion to controvert the search warrant must be granted, the indictment dismissed, and the case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.
In light of our determination, we need not reach the defendant's remaining contentions.
BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
DILLON, J.P., dissents, and votes to affirm the judgment, with the following memorandum, in which LASALLE, J., concurs:
I respectfully dissent, and vote to affirm the judgment of conviction appealed from.
On September 11, 2014, the police conducted a search of an apartment at a premises located on Sutter Avenue in Brooklyn pursuant to a "no-knock" warrant issued for evidence of drugs and drug distribution. The warrant application of the detective was based in significant part upon [*3]information developed from a registered confidential informant (hereinafter CI) who had purportedly engaged in two controlled buys at the premises, and who was represented as having been reliable in the past. The detective averred in his affidavit in support of the warrant that he had worked with the CI on one prior occasion, earlier in 2014, which resulted in that instance in the issuance of a search warrant, and in the seizure of narcotics and the arrest of three individuals.
At the time the defendant's apartment was searched, which was seven days after the subject search warrant was obtained, no contraband was found except for a single ziplock bag containing narcotics and some crack pipes with residue. The rooms of the apartment were "messy" except for the defendant's bedroom, where a loaded semi-automatic handgun was found wrapped and hidden in the closet. The defendant was charged with, inter alia, criminal possession of a firearm, a class E felony (Penal Law § 265.01-b). Ultimately, after a jury trial, the defendant was found guilty of criminal possession of a firearm by judgment of conviction rendered September 8, 2016.
Upon remittitur ordered by this Court, a Darden hearing was held wherein testimony was taken from both the CI and the police detective who had obtained the search warrant (see People v Darden, 34 NY2d 177). At the hearing, the CI described his history of drug use, his familiarity with crack cocaine and its paraphernalia, his controlled buy of crack cocaine at the subject premises, and his observation of the "dirty" condition of the apartment's interior. Significantly, the CI also testified that he had worked with the detective on approximately 100 prior occasions resulting in approximately 100 search warrants. The detective then testified and confirmed that he had worked with the CI on approximately 100 occasions, and that search warrants were obtained in those instances resulting in arrests or the confiscation of narcotic contraband in "[p]robably all of them." The Supreme Court resolved any issues of credibility in favor of the CI and filed its report which we have reviewed and considered.
To establish probable cause, a search warrant application must provide sufficient information to support a reasonable belief that evidence of a crime may be found at a certain location (see People v Coleman, 176 AD3d 851). When probable cause is sought to be established through hearsay information provided by a confidential informant, the warrant application must establish the reliability and veracity of the information and the basis of the informant's knowledge. The Darden rule performs a twofold function, to assure that the confidential informant described in a search warrant application actually exists, and that information given to police by the confidential informant is sufficient to establish probable cause for the search (see People v Edwards, 95 NY2d 486, 494; People v Adrion, 82 NY2d 628, 635; People v Darden, 34 NY2d at 182). Credibility determinations made during Darden hearings, including the determination rendered in this instance, are to be accorded great deference on appeal (see People v Crupi, 172 AD3d 898; People v Binion, 100 AD3d 1514, 1515).
Here, while the detective's affidavit in support of the warrant mentioned that the CI had proven reliable on 1 prior occasion, and the hearing testimony of the CI and the detective described 100 prior investigations, the hearing testimony actually bolsters, rather than detracts from, the search warrant application. The affidavit, rather than fabricating or exaggerating the reliability of the CI, understated the CI's reliability, perhaps by oversight or typographical error. The hearing testimonies established that not only did the CI exist, but that he had an extensive track record of reliability with the police in their investigations of drug offenses 100 times greater than that initially represented in detective's affidavit. The description of events in the warrant application and of the actual search, and the consistency of the witnesses' testimonies with each other at the Darden hearing, establish that the CI described in the detective's affidavit and the witness at the hearing are one in the same person.
Our colleagues who are troubled by the discrepancy between the number of times the CI productively interacted with the detective—either 1 or 100—draw their credibility conclusions backwards. The reliability of the warrant application could have been controverted if the detective had advertised on the application 100 prior interactions with the CI and the subsequent hearing testimony revealed only 1 interaction, since under those circumstances, the detective might be [*4]accused of exaggerating and misleading the Criminal Court about the reliability of the CI. Here, however, the record establishes the exact opposite. Notably, the CI's interactions with the police were even more extensive and reliable than had been represented to the court in the warrant application. Therefore, the Darden hearing brought forth no information impeaching the "four corners of the warrant" in terms of its underlying reliability and probable cause (see People v Darden, 34 NY2d at 182), which is the purpose of the Darden hearing. Given the credibility finding of the Supreme Court in favor of the People, which is entitled to great deference, there is no discernable basis for this Court to apply backwards reasoning, rule otherwise, and then dismiss the indictment.
As to the remaining issues on appeal, the defendant's argument that Penal Law § 265.01-b is unconstitutional is unpreserved for appellate review and, in any event, without merit (see United States v Batchelder, 442 US 114, 125; People v Eboli, 34 NY2d 281, 290).
The defendant's argument that the jury should have been charged with the lesser included offense of criminal possession of a weapon in the fourth degree is waived, as no request for the lesser charge was ever made at trial (see CPL 300.50[1]; People v Davis, 232 AD2d 227; People v Smith, 217 AD2d 671, 673).
The Supreme Court did not improvidently exercise its discretion in refusing to dismiss the defendant's indictment in the interest of justice (see CPL 210.40; People v Clayton, 41 AD2d 204).
The defendant's remaining contention about the admission of a criminal justice agency report is without merit.
Accordingly, the judgment of conviction should affirmed.
ENTER:
Aprilanne Agostino
Clerk of the Court