People v Suarez (2025 NY Slip Op 00239)

People v Suarez

2025 NY Slip Op 00239

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2019-09458
 (Ind. No. 24163/17)

[*1]The People of the State of New York, respondent,
v
Eddie Suarez, appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Isaac Rounseville of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Miller, J.), rendered July 16, 2019, convicting him of criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Michael Kitsis, J.), after a Darden hearing (People v Darden, 34 NY2d 177), of the defendant's motion to controvert a search warrant and to suppress physical evidence.
ORDERED that the judgment is affirmed.
"To establish probable cause, a search warrant application must provide sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Coleman, 176 AD3d 851, 851 [internal quotation marks omitted]). "There is a strong judicial preference for search warrants, and courts should not analyze applications in a grudging or hypertechnical manner when determining whether they meet constitutional standards" (People v Williams, 249 AD2d 343, 344 [citation and internal quotation marks omitted]). Where probable cause is established through hearsay information provided by a confidential informant, the warrant application must demonstrate: "(i) the veracity or reliability of the source of the information, and (ii) the basis of the informant's knowledge" (People v Griminger, 71 NY2d 635, 639; see People v Chisholm, 21 NY3d 990, 992). There is "no one acid test of reliability" (People v Rodriguez, 52 NY2d 483, 489). A confidential informant will be considered reliable "where details of his [or her] story have been confirmed by police observation" (id.).
The Darden rule is necessary to insure "that the confidential informant both exists and gave the police information sufficient to establish probable cause, while protecting the informant's identity" (People v Edwards, 95 NY2d 486, 494; see People v Adrion, 82 NY2d 628, 635; People v Darden, 34 NY2d 117). "The credibility determinations of a hearing court following a Darden hearing are accorded deference on appeal, and will not be disturbed unless they are not supported by the record" (People v Nettles, 186 AD3d 861, 863; see People v Huginnie, 225 AD3d 894, 895).
Here, the credibility determination of the Supreme Court is supported by the record. The description of the events in the warrant application and the consistency of the witness's [*2]testimony at the Darden hearing established the identity of the confidential informant and that the informant gave the police information sufficient to establish probable cause (see People v Huginnie, 225 AD3d at 895).
CHAMBERS, J.P., CHRISTOPHER, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court